[S. F. No. 10304.  In Bank.—May 9, 1924.]

## K. BAXTER, Appellant, v. SHANLEY-FURNESS CO., Respondent.

[1] Statutory Construction—Liberal Construction—Meaning of.— Liberal construction does not mean enlargement or restriction of a plain provision of a written law.

[2] Innkeepers—Disappearance of Money and Jewelry from Room of Guests—Insufficiency of Notice Posted by Innkeeper— Section 1860, Civil Code.—An innkeeper is not relieved of responsibility for the loss of money and jewelry contained in a hand-bag belonging to guests which disappeared from one of the rooms occupied by the guests, by virtue of the provisions of section 1860 of the Civil Code, where the notice posted by the innkeeper in its office contained no information that it kept a fireproof safe and that guests should deposit valuables with it to be placed therein in order to charge it with liability therefor.

[3] Id.—Bailments—Depositary or Bailee for Hire—Negligence.— A depositary or bailee for hire is liable only when he has been guilty of some negligence, he being chargeable only with ordinary care and diligence in safeguarding his bailor's property.

[4] Id.—Negligence—Findings—Responsibility of Innkeeper—Sections 1859 and 1860, Civil Code—Construction of.—The trial court having found that the innkeeper was guilty of no negligence whatsoever concerning the disappearance of the guests' property from one of their rooms, it cannot be charged as a bailee for hire, in so far as the property covered by section 1859 of the Civil Code is concerned; but as to the money found by the trial court to have been lost by the guests, section 1859 expressly excludes this from its operation, and section 1860 of the Civil Code, being inapplicable because of the innkeeper's failure to comply with its provisions, the guests are entitled to recover for the loss of the money under the common law.

[5] Id.—When Common-law Liability is Imposed—Negligence—Insurers.—If an innkeeper does not comply with the conditions of statutes exempting him from his common-law liability, the common-law liability is imposed. This liability is not predicated upon actual negligence, but is a liability as an insurer.

2. Effect of statute limiting innkeeper's liability for goods not delivered into his custody, notes, 22 L. R. A. (N. S.) 576; 51 L. R. A. (N. S.) 1168.

What constitutes delivery or deposit of goods under statute limiting liability for effects of guest, note, 12 Ann. Cas. 100.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Reversed.

The facts are stated in the opinion of the court.

S. Laz Lansburgh and S. Joseph Theisen for Appellant.

Milton A. Nathan and Thomas Maul for Respondent.

THE COURT.—After a further consideration of this case since the granting of the application for a transfer and rehearing by this court after judgment of the district court of appeal, we are satisfied with and hereby adopt the opinion of that court herein, which was prepared by Mr. Presiding Justice Langdon, and is as follows:

"This is an appeal by the plaintiff from a judgment against him in an action in which he, as assignee of the rights of Sylvia, Gertrude, and Edmond Loyal, sought to recover the reasonable value of certain jewelry and money alleged to have been taken from the apartment of his assignors while they were guests of the defendant company at a hotel in San Francisco conducted by it.

"The trial court found that on November 23, 1918, the defendant corporation conducted a hotel in San Francisco, known as the 'Continental Hotel'; that upon that date said corporation received Gertrude, Edmond, and Sylvia Loyal as guests at said hotel, for a valuable consideration; that on that date these persons were the owners and entitled to the possession of certain personal property, including money and jewelry, aggregating in value the sum of $2,629.50; that this property was brought into the hotel by Gertrude Loyal, who was the wife of Edmond Loyal and the mother of Sylvia Loyal, in an alligator hand-bag, which the said Gertrude Loyal, personally, carried into her apartment. It was also found that while the personal property in dispute was in said hand-bag and in the apartment of the Loyals, they admitted to their apartment as their guests two men; that while these five persons were dining in one room of the apartment, the personal property disappeared from another room of the suite. It was found that the defendant company had not carelessly nor negligently permitted the

property to be stolen and that said defendant did not take or carry away the same; that the defendant at all the times mentioned kept a fire-proof safe in its office at said hotel and gave notice of nonresponsibility to its guests by putting up a notice in a prominent place in said office in the following words: 'Positively not responsible for any valuables unless left at hotel office.'

"The judgment for the defendant was based upon a conclusion of law that it had duly complied with the provisions of section 1860 of the Civil Code of the State of California and was relieved, therefore, of liability, it not having contributed in any manner to the loss of the property.

"The question is squarely presented as to whether or not the notice found by the court to have been posted by the defendant is a sufficient compliance with section 1860 of the Civil Code to relieve the defendant of its common-law liability as a hotel-keeper.

"Section 1860, Civil Code, provides: 'If an innkeeper keeps a fire-proof safe and gives notice to a guest . . . either personally or by putting up a printed notice in a prominent place in the office or room occupied by the guest . . . that he keeps such a safe and will not be liable for money, jewelry . . . unless placed therein, he is not liable, except so far as his own acts contribute thereto, for any loss of or injury to such articles, if not deposited with him to be placed therein.'

"The notice posted by the defendant contained no information that the defendant kept a fire-proof safe and that guests should deposit valuables with defendant to be placed therein in order to charge it with liability therefor. The respondent argues that the liberal construction of code sections expressly required by the code itself demands an affirmance of this judgment. **[1]** But the most extended application of the rule of liberal construction has never gone so far as to disregard plain, unequivocal requirements of a statute. As stated in *In re Jessup*, 81 Cal. 408, 419 [6 L. R. A. 594, 22 Pac. 742, 745] : 'Liberal construction does not mean enlargement or restriction of a plain provision of a written law.'

**[2]** "We are constrained to hold that under the findings the defendant has not been relieved of responsibility by virtue of the provisions of section 1860 of the Civil Code.

"Before the enactment of sections 1859 and 1860 of our Civil Code, in this state, an innkeeper was held to his common-law liability as an insurer of the goods of his guests (*Mateer* v. *Brown,* 1 Cal. 221 [52 Am. Dec. 303]; *Pinkerton* v. *Woodward,* 33 Cal. 557 [91 Am. Dec. 657]). Sections 1859 and 1860 of our Civil Code were enacted on the same date. Together, they were intended to relieve the innkeepers in this state of the burden of their common-law liability. Section 1859 changed that liability from that of an insurer to that of a depositary or bailee for hire as to personal property of every kind and description, 'other than money.' In addition to changing the liability to that of a depositary for hire, this section limits the same, even though the evidence shows the innkeeper to be liable under the rules applicable to such a depositary, to one hundred dollars for each trunk and its contents, fifty dollars for each valise or traveling bag and contents and ten dollars for each box, bundle or package and contents.

"Section 1860, Civil Code, goes further than section 1859 and provides a method by which the innkeeper may relieve himself even of his liability as a depositary for hire for money, jewelry, etc., if he complies with the conditions provided therein and his guest fails to deposit such articles with him. But as we have stated, those conditions were not substantially complied with and that section cannot aid the defendant.

"The only other question involved is whether the defendant is chargeable as a depositary for hire with the limited liability prescribed by section 1859. [3] A depositary or bailee for hire is liable only when he has been guilty of some negligence. He is chargeable only with ordinary care and diligence in safeguarding his bailor's property (3 R. C. L., secs. 22, 23, p. 96). [4] As the trial court has found that the defendant was guilty of no negligence whatsoever, it cannot be charged as a bailee for hire, in so far as the property covered by section 1859 is concerned. As to the money found by the trial court to have been lost by the plaintiff's assignors, section 1859 expressly excludes this from its operation, and section 1860, Civil Code, being inapplicable because of the defendant's failure to comply with its provisions, the plaintiff is entitled to recover for the loss of the money under the common law. [5] If an innkeeper

does not comply with the conditions of statutes exempting him from his common-law liability, the common-law liability is imposed (14 R. C. L., sec. 28, p. 528). This liability is not predicated upon actual negligence, but is a liability as an insurer. (Elliott on Bailments, sec. 108, p. 113; *Mateer* v. *Brown, supra; Pinkerton* v. *Woodward, supra.*) The finding of the trial court that the defendant was free from negligence would not affect, therefore, this common-law liability as to the money.

"The judgment is reversed, with directions to the trial court to enter judgment upon the findings in accordance with this opinion for the amount of money found to have been lost by the plaintiff's assignors while they were guests of the defendant with interest from the date of said loss."