[Civ. No. 4228. Second Appellate District, Division Two.—April 1, 1927.]

## VIRGINIA CLINE, Respondent, v. F. M. DIMMICK, Appellant.

[1] INNKEEPERS — LOSS OF ARTICLES BY GUEST — LIMITATION OF LIABILITY—LEGISLATIVE INTENT.—The legislature, in using the expressions, in section 1859 of the Civil Code, "each trunk and its contents," "each valise or traveling bag and contents," "each box, bundle, or package and contents," contemplated conditions to exist at the time of a loss and not at the time when the trunk, valise, or box might be taken into a hotel; and in this action to recover for the loss of certain articles of personal property and apparel which had been brought into defendant's hotel in a hatbox, plaintiff's damages were not limited to ten dollars.

[2] ID.—STRICT COMPLIANCE—INSUFFICIENT NOTICE.—Statutes like section 1860 of the Civil Code, limiting the common-law liability of innkeepers, must be strictly complied with; and the giving of a notice which does not mention "furs, fur coats and fur garments," but merely states that the proprietor "will not be responsible for the loss of money, jewelry or other articles of value taken from the rooms. Individual safe deposit boxes, in the fire and burglarproof safe, located in the office, are provided for the safe-keeping of valuables and money," does not constitute a compliance with the provisions of said section so as to relieve the innkeeper from liability for the loss of a valuable fur cape.

---

(1) 32 C. J., p. 553, n. 13.    (2) 32 C. J., p. 552, n. 76, p. 553, n. 99.

2. Construction of statutes limiting liability of innkeepers, note, 99 Am. St. Rep. 592–594. See, also, Cal. Jur. 1926 Supp., p. 898; 14 R. C. L. 528.

APPEAL from a judgment of the Superior Court of Los Angeles County. Arthur Keetch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Schweitzer & Hutton for Appellant.

Lewinson & Barnhill and E. E. Morris for Respondent.

WORKS, P. J.—Plaintiff sued defendant, who was an innkeeper, for the loss of certain articles of personal property and apparel which were taken from her room while she was a guest at his hotel. Plaintiff had judgment and defendant appeals.

[1] Section 1859 of the Civil Code reads, in part: "The liability of an innkeeper . . . for losses of . . . personal property . . . placed by his guests . . . under his care, is that of a depositary for hire; provided, however, that in no case shall such liability exceed the sum of one hundred dollars for each trunk and its contents, fifty dollars for each valise or traveling-bag and contents, and ten dollars for each box, bundle, or package and contents so placed under his care, and all other miscellaneous effects including wearing apparel and personal belongings, two hundred fifty dollars; unless he shall have considered in writing with the owner thereof to assume a greater liability."

Section 1860 of the same code provides: "If an innkeeper . . . keeps a fire-proof safe and gives notice to a guest . . . that he keeps such a safe and will not be liable for money, jewelry, documents, furs, fur coats and fur garments . . . unless placed therein, he is not liable, except so far as his own acts shall contribute thereto, for any loss or injury to such articles, if not deposited with him to be placed therein . . ."

Most of the articles lost by respondent, practically all of them of value, were contained, when brought into the hotel, in a leather hat-box. The box itself was not taken and the trial court allowed respondent judgment for many times the value of "ten dollars for each box, bundle, or package and contents" prescribed by section 1859. Appellant contends that the judgment was excessive and that the recovery of respondent for the loss of the articles brought into the

hostelry in the hat-box should be limited to the value stated in the excerpt just made from the section. It is said that the enactment must be construed as relating to a box and its contents upon its arrival at an inn, no matter if the box be unpacked and its contents be placed about the room or in the closet of a guest upon his quarters being assigned to him, and if a part or all of the contents be then stolen and the box be untouched. We cannot so construe the statute. To follow appellant's argument to its logical conclusion is to say that respondent cannot recover at all for the loss of the articles taken into the hotel, as the statute refers to a box and its contents, and in the present instance the box was not taken. The argument of appellant also leads to the absurdity that if prospective guests come to a hotel door with a large box containing wearing apparel of fine texture and great value, they must unpack at the portal and exhibit their finery not only to the inspection of the innkeeper, but to the curiosity of bystanders, or suffer a great loss if the box be unpacked after an arrival in rooms assigned, or if it be broken open there, and a portion only of the goods in it be stolen. "Before the enactment of sections 1859 and 1860 of our Civil Code, in this state, an innkeeper was held to his common-law liability as an insurer of the goods of his guests. . . . Sections 1859 and 1860 of our Civil Code were enacted on the same date. Together they were intended to relieve the innkeepers in this state of the burden of their common-law liability. . . . If an innkeeper does not comply with the conditions of statutes exempting him from common-law liability, the common-law liability is imposed" (*Baxter* v. *Shanley-Furness Co.*, 193 Cal. 558 [226 Pac. 391]). We think the legislature, in section 1859, has not employed language appropriate to an intent to limit the common-law liability of innkeepers to the extent claimed by appellant. In using the expressions "each trunk and its contents," "each valise or traveling bag and contents," "each box, bundle, or package and contents," we think the legislature contemplated conditions to exist at the time of a loss and not at the time when trunk, valise, or box might be taken into a hotel. Such a construction avoids the difficulties above pointed out. Further, it seems to be demanded by the terms of the section, although it must be admitted that the language of the enactment is not altogether plain. The

section refers to liability for a "loss." The liability accrues at the time of a loss and the legislature doubtless intended that the expression "box, bundle, or package and contents" should relate to a condition existing at that time. In other words, we think the expression contemplates the loss of a container and its contents as a single piece of baggage.

[2] The trial court found that appellant did not comply with the provisions of section 1860 of the Civil Code, providing for a certain notice to guests at hotels. The only evidence as to notice was that a certain printed placard was posted in respondent's room and that she read it before her property was taken. The notice read: "The proprietor will not be responsible for the loss of money, jewelry or other articles of value taken from the rooms. Individual safe deposit boxes, in the fire and burglar-proof safe, located in the office, are provided for the safe-keeping of valuables and money." The principal article lost by respondent, upon the score of value, was a fur cape, and it is the loss of this garment that appellant has in mind in taking exception to the finding of the court. It will be observed that section 1860 provides for notice that an innkeeper, under certain circumstances, "will not be liable for money, jewelry, documents, furs, fur coats and fur garments, or other articles of unusual value and small compass." We think the notice posted by appellant did not comply with the statute. Under the enactment there was no more reason for inserting the words "money, jewelry" in the notice than for inserting a reference to fur garments. It naturally might not have occurred to appellant that the words "other articles of value," following the words "money, jewelry," were intended to cover such an article as her fur cape. Further, she was not likely to have thought that the management of the hotel expected to care for fur capes in "individual safe deposit boxes, in the fire and burglar-proof safe," especially as it was said that the boxes were for the safe-keeping of "valuables and money." In addition to all this, it has been decided in many cases that statutes like section 1860 must be strictly complied with. Some authorities go even further. "A literal compliance with the statute is generally held necessary to effect the limitation. This is true not only as to providing the iron safe required, but

also as to giving all notices required by the statute exactly as provided'' (32 C. J. 522. See, also, *Gillett* v. *Waldorf Hotel Co.,* 136 Wash. 615 [241 Pac. 14]).

Judgment affirmed.

Craig, J., and Thompson, J., concurred.