SCHAUER, J.
 

 On February 19, 1936, plaintiff, who was then and for some days had been a guest in defendant's hotel, wishing to take a trip of several days’ duration but expecting to return after such period and resume the relation of guest with defendant innkeeper, checked out, paying his bill in full, but at the time of departure left with defendant and defendant (through an authorized employee) accepted, for safekeeping and delivery to plaintiff upon his return, without any stated consideration for such bailment, a suitcase and contents having a value in excess of $50. On February 23, 1936, plaintiff, having returned and again registered as a guest at defendant’s hotel, demanded his suitcase and its contents, but without avail, being then informed by defendant’s representative that the same had disappeared. Neither the case nor any of its contents has ever been returned to plaintiff and after a further demand upon defendant this action was brought to recover the value of the lost property. From a judgment for plaintiff, defendant appeals.
 

 The complaint alleges among other things that “the defendant was guilty of negligence in caring for the plaintiff’s property in that he did not put said property under lock and key as he agreed to do; did not prevent strangers from having access to it, and did not adequately protect or secrete it”. The evidence is not insufficient in law to support the implied finding of the trial court that the foregoing allegation is true. It discloses that the suitcase was placed in a linen closet which was readily accessible to anyone entering or leaving the hotel, unless the door thereof was locked; that the door thereof was left unlocked on some occasions, and that when it was locked the key to it was kept in an unlocked fuse box, which fuse box was also observable by and readily accessible to all who might be entering or leaving the hotel.
 
 *Supp. 759
 
 It was testified that hotel maids “three or four times” each day (Rep. Tr., p. 51, lines 9-11) took the key from the fuse box, unlocked the linen closet, extracted linen therefrom or changed their clothes therein, relocked the door and returned the key to the unlocked fuse box, all of this in such a position that “Every guest in the hotel, walking up for instance, could see you (the maid) putting that key in this box.” (Rep. Tr., p. 51, lines 19-21.) Such evidence under the allegations of the pleadings, if ordinary care was the measure of defendant’s duty, presented a question of fact as to his negligence, the determination of which in the trial court is conclusive upon appeal. The question is: For what degree of care is defendant responsible?
 

 Section 1859 of the Civil Code of California declares that the “liability of an innkeeper . . . for losses of or injuries to personal property, is that of a depositary for hire; provided, however, that in no case shall such liability exceed the sum of . . . fifty dollars for each valise or traveling bag and contents . . . unless he shall have consented in writing with the owner thereof to assume a greater liability”. The
 
 quantum
 
 of care required of a depositary for hire is “at least ordinary care for the preservation of the thing deposited”. (See. 1852, Civ. Code.) Defendant, however, contends that the bailment was created and that plaintiff’s suitcase and contents disappeared, at a time when the relation of innkeeper and guest was, between them, nonexistent; that by accepting the bailment under the circumstances related he became only a “gratuitous depositary” whose responsibility may be discharged by “slight care for the preservation of the thing deposited”. (Sec. 1846, Civ. Code.)
 

 We conclude that it is immaterial whether the relation of innkeeper and guest was existent at the precise time involved; that in any event the bailment was for the mutual benefit of plaintiff and defendant and hence constituted defendant a depositary for hire. It was of obvious convenience to plaintiff because it relieved him of the necessity and possible expense of carrying the deposited property about with him or elsewhere storing it; likewise clear is the interest and expected benefit of the defendant: the storage of his former guest’s property without a stated compensation was a service which was likely to bring that person to return again as a paying guest. In
 
 Hotels Statler Co.
 
 v.
 
 Safier,
 
 (1921) 103 Ohio St. 638 [134 N. E. 460, 22 A. L. R. 1190], the Ohio
 
 *Supp. 760
 
 Supreme Court held that the storage of a trunk, under circumstances not dissimilar to those of the instant ease, was for the mutual benefit of both the hotel keeper and his former (and to be hoped future) guest and that the relation and obligations of the hotel keeper in the premises were those of a depositary for hire.
 

 While we have found the report of no case decided by a court of last resort in California in which the question involved was identical with that passed on by the Ohio Supreme Court in the case last cited and which question is presented here, we do find analogically comparable rulings in such cases as
 
 Crawford
 
 v.
 
 Foster,
 
 (1930) 110 Cal. App. 81 [293 Pac. 841], and
 
 Woodman
 
 v.
 
 Hemet U. H. School Dist.,
 
 (1934) 136 Cal. App. 544 [29 Pac. (2d) 257]. In
 
 Crawford
 
 v.
 
 Foster
 
 (which was followed in the later ease) the court was called upon to determine whether a person was a “passenger” or a “guest” within the meaning of a statute (sec. 141% of the former California Vehicle Act, as amended in 1929) exempting the owner and operator of an automobile from liability to a “guest”, for injuries occasioned by simple negligence in operation of the automobile. The statute defined the word “guest” as being “a person who.accepts a ride in any vehicle without giving compensation therefor ”. (Stats. 1929, p. 1580.) Plaintiff (in the reported case) was injured while riding in an automobile which was being demonstrated for possible sale to herself and her husband. The court, in holding that she was not a “guest” within the purview of the statute, said, at pages 84, 85: “Automobile dealers and salesmen are not only willing but anxious to exchange their time and the use of a car for the time and attention of a person who is in the market for such a ear. There can be no question that in actual business, the one is regarded as an equivalent or recompense for the other. . . . The taking of a demonstration of an automobile, with its accompanying possibilities of profit, would not only seem to be a benefit to the dealer, but a return fully proportionate to any benefit conferred on the prospect. . . . The relationship between the parties here is not entirely dissimilar to that existing between the owner of a store and a customer using an elevator therein.” The court then quoted from and cited
 
 Champagne
 
 v.
 
 Hamburger & Sons,
 
 (1915) 169 Cal. 683 [147 Pac. 954], in which it was held (see pp. 692, 693) that a store owner who operated an elevator for the convenience of his customers and prospective
 
 *Supp. 761
 
 customers was “within the category of a carrier of passengers for hire and subject to the same duties and responsibilities”. The Supreme Court in this case expressly held against the store owner’s contention that since he charged no fare as such, for riding in his elevators, and since riding in them was a convenience to such persons as chose to use them, he was, within the scope of Civil Code, section 2096, “a carrier of persons without reward” and hence liable only for failure to use ordinary care rather than that highest degree of diligence exacted from carriers for hire.
 

 We do not regard
 
 Pawn
 
 v.
 
 Wall,
 
 (1928) 88 Cal. App. 597 [264 Pac. 268], which was decided solely upon the ground that the cause of action therein sued on was barred by the statute of limitations, as being determinative of any consideration pertinent to the case at bar. Our conclusion to adopt in California the rule declared by the Ohio Supreme Court in
 
 Hotels Statler Co.
 
 v.
 
 Safier,
 
 (1921)
 
 supra,
 
 134 N. E. 460, 22 American Law Reports, 1190, is consistent with the trend already established and illustrated in the local cases cited. The hotel proprietor who stores the luggage of his departed guest without stated charge, pending the anticipated return of such former (and then and thereby being solicited future) guest is no more gratuitous in his capacity as a depositary than is the elevator-operating storekeeper rewardless in his role as a carrier of passengers. The depositor who is a guest and the passenger who is a customer pay for the service provided, even though no charge therefor appears in any statement rendered.
 

 The judgment is affirmed, respondent to recover his costs of appeal. The appeal from the order denying motion for a new trial (a nonappealable order) is dismissed.
 

 Shaw, P. J., and Shinn, J.,
 
 pro tern.,
 
 concurred.