[Civ. No. 24842.   Second Dist., Div. One.   Mar. 20, 1961.]

ROBERT ALTMAN, INC. (a Corporation) et al., Appellants, v. THE BILTMORE HOTEL (a Partnership), Respondent.

Bolton, Groff & Dunne and George L. McCormick for Appellants.

Carol Glenn Wynn for Respondent.

WOOD, P. J.—Action for damages for loss of two leather jewelry-sample cases which had been deposited for safekeeping in the vault of defendant hotel. The plaintiff corporations were engaged in the wholesale jewelry business. Each plaintiff was the owner of one of the lost leather cases. The complaint alleged that the cases contained jewelry and that the value of the Altman Company case and jewelry therein was $71,988.60, and the value of the Bridal Ring Company case and jewelry therein was $8,794.20. Recovery of damages for those amounts was sought upon the basis of negligence, conversion, and breach of contract. Defendant, in its answer, denied the allegations regarding negligence, conversion, and breach of contract, and it alleged as an affirmative defense that its liability, if any, to each plaintiff was limited to $250. It was stipulated that the issues of defendant's liability and of any limitation on the amount of such liability should be tried first, and that in the event the court determined those issues in favor of plaintiffs the trial would be continued to a later date on the issue of damages. It was stipulated further that "the value of the property was at least $250."

David Altman was a salesman for plaintiff Robert Altman, Inc. Maurice Goldstein was a salesman for plaintiff Bridal Ring Company, Inc. Those representatives of the plaintiffs deposited the cases with the hotel as hereinafter stated.

The court found that the leather cases were lost as the result of the negligence of defendant and that the "receipts" given to Mr. Altman and Mr. Goldstein were not receipts within the meaning of section 1860 of the Civil Code and that the liability of defendant was limited, under the provisions of section 1860 of the Civil Code, to $250 as to each plaintiff. Judgment was for each plaintiff in the amount of $250.

Plaintiffs state that they appeal from the judgment and "from those parts of said judgment that limit the liability of said defendant to the sum of $250.00."

Appellants contend that the evidence does not support "the findings and conclusions of the trial court, that the receipts were insufficient and limited the liability of the Defendant."

Defendant hotel maintained a fireproof vault for the safekeeping of property of its guests, and a notice pursuant to the

provisions of section 1860 of the Civil Code was posted in each guest room. A similar notice was printed on the registration card signed by each guest.

On October 18, 1954, David Altman and Maurice Goldstein, the salesmen for plaintiffs, were registered guests of the hotel. On that day David Altman deposited in the vault a leather case which was the property of plaintiff Robert Altman, Inc. On the next day, October 19, Maurice Goldstein deposited in the vault two leather cases which were the property of plaintiff Bridal Ring Company, Inc. When the cases were deposited in the vault, an employee of the hotel gave to each salesman the bottom part of a "Valuable Parcel Check" for the case or cases he had deposited. The checks were perforated so that the bottom parts of the checks could be detached. The hotel employee attached the top parts of the checks to the cases.

All of the checks were the same in form and the printing thereon was the same except that the numbers were different.

On the top part of each check (the part attached to the cases) there was printing, as follows (except that the printed number which was thereon is omitted from this specimen copy) :

"VALUABLE PARCEL

CHECK

"No. [In this space there was a printed number.]

ROOM _____

NAME _____

_____ ,,

On the bottom part of each check (the part given to the salesmen) there was printing, as follows (except that the printed number which was thereon is omitted from this specimen copy) :

"VALUABLE PARCEL

CHECK

"No. [In this space there was a printed number which was the same number that was on the top part of the check.]

ROOM _____

NAME _____

_____

CONDITIONS

Owners of property indicated by this receipt assume all risk including fire, water, theft or other cause. The Biltmore Hotel only undertakes that customary due diligence will be exercised in caring for same. The above articles will be delivered upon presentation of this receipt only.

THE BILTMORE HOTEL — Los Angeles 13"

On October 20, 1954, Altman and Goldstein went to the vault to get the three cases. One of the cases which Goldstein had deposited was in the vault, but the other two cases were not in the vault and have not been returned to plaintiffs.

Defendant's employees had been instructed not to inquire as to the value of articles deposited in the vault and not to accept any articles for deposit when declarations of value were made by depositors.

As above stated, appellants contend that the court erred in finding that the "receipts" given to Altman and Goldstein were not receipts within the meaning of section 1860 of the Civil Code, and that defendant's liability was limited to $250 as to each plaintiff.

Section 1840 of the Civil Code provides that: "The liability of a depositary for negligence cannot exceed the amount which he is informed by the depositor, or has a reason to suppose, the thing deposited to be worth."

Section 1859 provides that: "The liability of an innkeeper, hotel keeper . . . or lodging house keeper, for losses of . . . personal property, is that of a depositary for hire; provided, however, that in no case shall such liability exceed the sum of one hundred dollars ($100) for each trunk and its contents, fifty dollars ($50) for each valise or traveling bag and contents, ten dollars ($10) for each box, bundle or package and contents, and two hundred fifty dollars ($250) for all other personal property of any kind, unless he shall have consented in writing with the owner thereof to assume a greater liability."

Section 1860 provides that: "If an innkeeper, hotel keeper . . . or lodging house keeper, keeps a fireproof safe and gives notice to a guest . . . or lodger, either personally or by putting up a printed notice in a prominent place in the office or the room occupied by the guest . . . or lodger, that he keeps such a safe and will not be liable for . . . jewelry . . .

or other articles of unusual value and small compass, unless placed therein, he is not liable, except so far as his own acts shall contribute thereto, for any loss of . . . such articles, if not deposited with him to be placed therein, nor in any case for more than the sum of two hundred fifty dollars ($250) for any or all such property of any individual guest . . . or lodger, unless he shall have given a receipt in writing therefor to such guest . . . or lodger.''

In *Gardner* v. *Jonathan Club*, 35 Cal.2d 343 [217 P.2d 961], it was said, at page 350: ''Sections 1859 and 1860 [of the Civil Code stated above] were designed to cover an innkeeper's liability for all articles of personal property carried by his guests. They have a common purpose and must be read together. In each section, the reason for the exception to the liability limitation is clear. Should a guest wish protection in excess of the statutory limitation, he must declare the value of his property to give the innkeeper an opportunity to confirm the estimate of value. He can then refuse to assume the greater liability or if he assumes it he can take proper precautions for the protection of the property. Liability in excess of the statutory limitation is thus based on the innkeeper's agreement to assume it.'' It was said further therein, at page 352: ''By requiring a written receipt as an acknowledgment of having received goods or money delivered, the Legislature clearly intended an acknowledgment that a specific item was received with awareness of its nature and value. Section 1860 refers to responsibility for articles worth more than $250, and requires a 'receipt in writing therefor' in order to impose a greater liability. The receipt must therefore be for an article worth more than $250. This requirement is not satisfied by the mere acknowledgment of an envelope received without knowledge or information of its contents or their value.'' In the present case there was no declaration of value upon the portions of the checks given to Mr. Altman or upon the portion of the check given to Mr. Goldstein or upon the portions of the checks attached to the leather cases. There was no evidence that defendant or its employees had any knowledge as to the contents of the leather cases or as to the value of the contents. Defendant's employees had been instructed not to accept the deposit of articles when declarations of value were made by depositors. The court did not err in finding that the ''receipts'' given to Altman and Goldstein were not receipts within the meaning of section 1860 of the Civil Code.

■ Appellants contend that defendant (hotel) intended that the receipts which were given to the salesmen should be regarded as receipts within the meaning of section 1860 of the Civil Code. In support of that contention, they refer to the deposition of Helen Noone, who was supervisor of defendant's accounting department. In her deposition, which was taken upon behalf of appellants, she testified to the effect that the receipts were "the type of receipt" referred to in the notices in the rooms and on the registration cards. (The notices prescribed by § 1860.) Her testimony was a legal conclusion and was not binding on defendant.

■ Appellants contend that defendant waived the benefit of the limitation of liability prescribed by section 1860 in that the defendant had made its own rule to the effect that its employees should not inquire as to the value of articles which were presented for deposit, and that they should not accept articles for deposit if the guest made a declaration of value. ■ As appears above, in *Gardner* v. *Jonathan Club*, 35 Cal.2d 343 [217 P.2d 961], it was said (p. 350): "Should a guest wish protection in excess of the statutory limitation, he must declare the value of his property to give the innkeeper an opportunity to confirm the estimate of value. He can then refuse to assume the greater liability or if he assumes it he can take proper precautions for the protection of the property." ■ Defendant was not under a duty to make an inquiry as to value. There was no evidence herein that either salesman made or offered to make a declaration of value. Defendant did not waive the benefit of the limitation of liability prescribed by section 1860.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied April 6, 1961, and appellants' petition for a hearing by the Supreme Court was denied May 16, 1961. Schauer, J., was of the opinion that the petition should be granted.