[Civ. No. 25841. Second Dist., Div. One. Apr. 3, 1962.]

FEDERAL INSURANCE COMPANY, Plaintiff and Appellant, v. BEVERLY HILLS HOTEL CORPORATION et al., Defendants and Respondents.

Crider, Tilson & Ruppé and Robert C. Todd for Plaintiff and Appellant.

Louis M. Welsh and Albert E. Nelson for Defendants and Respondents.

LILLIE, J.—A subrogation action was filed by plaintiff Federal Insurance Co. against the Beverly Hills Hotel Corporation and others (all of whom are hereinafter referred to as ''defendant'') for negligence and recovery of $12,888 paid to its policyholders, Mr. and Mrs. Hunt, for property loss sustained by them while guests at defendant's hotel. Judgment was entered in favor of defendant on the first cause of action for negligence and in favor of plaintiff for $250 on the second relating to an innkeeper's liability. Appealing therefrom, plaintiff asserts that for defendant's failure to comply with section 1860, Civil Code, its liability is governed by common-law standards—thus, the statutory limitations of section 1859 do not apply.

Mr. and Mrs. Hunt registered in defendant's hotel; the latter maintained a fireproof safe for valuables. But inasmuch as defendant failed to post notice of its safe in a conspicuous place and the Hunts did not see the same, the safe was never mentioned to them, no notice thereof was posted in the office and nothing concerning the safe was stated on the registration card, the trial court found that it failed to give the required notices under section 1860, Civil Code. The loss occurred just

before the Hunts intended to check out. Mrs. Hunt had put her jewelry in a case and placed it in her bag which she closed, and hung her fur coat in the closet; she left the room and locked the door. Shortly thereafter the Hunts returned, opening the locked door with their key. Mrs. Hunt observed her open bag and discovered the loss of the jewelry; her mink coat was also missing. It was stipulated that the Hunts made neither a deposit of, nor an attempt to deposit, the articles with the hotel; they made no declaration to the hotel of their value and no attempt to obtain a receipt therefor; and there was no consent in writing by defendant to undertake additional liability beyond that set forth in section 1859. At all times the jewelry and fur coat were exclusively in the possession of Mrs. Hunt; at the time of the loss, they were in her possession in her hotel suite.

The trial court found defendant to be free from negligence, that defendant failed to give the Hunts notice that it maintained a safe, and that no written receipts or consents pertaining to the property were ever exchanged between the Hunts and defendant; it concluded the ceiling of liability, as articulated in section 1859, Civil Code, at the top amount of $250, and that while defendant failed to comply with section 1860, its failure neither increased the amount of liability beyond that sum nor restored the common-law liability, and defendant's liability was that of a depositary for hire governed by section 1859.

Section 1859, Civil Code, reads in pertinent part: "The liability of an innkeeper . . . for losses of . . . personal property, is that of a depositary for hire; provided, however, that in no case shall such liability exceed the sum of one hundred dollars ($100) for each trunk and its contents, fifty dollars ($50) for each valise or traveling bag and contents, ten dollars ($10) for each box, bundle or package and contents, and two hundred fifty dollars ($250) for all other personal property of any kind, unless he shall have consented in writing with the owner thereof to assume a greater liability." Section 1860 provides—"If an innkeeper . . . keeps a fireproof safe and gives notice to a guest . . . either personally or by putting up a printed notice in a prominent place in the office or the room occupied by the guest . . ., that he keeps such a safe and will not be liable for money, jewelry, documents, furs, fur coats and fur garments . . ., unless placed therein, he is not liable, except so far as his own acts shall

contribute thereto, for any loss of or injury to such articles, if not deposited by him to be placed therein, nor in any case for more than the sum of two hundred fifty dollars ($250) for any or all such property of any individual guest . . . unless he shall have given a receipt in writing therefor to such guest. . . .''

Appellant's argument that defendant, not having complied with section 1860 for its failure to give the required notice that it maintained a safe, is liable by common-law standards and not under section 1859, is founded on a misconception of an innkeeper's liability in California.

■ At common law an innkeeper, like a common carrier, was liable as an insurer for loss of or injury to goods of guests irrespective of negligence on his part, and was ''bound to keep the property of his guest safe from burglars and robbers without, as well as from thieves within, his house'' (*Mateer* v. *Brown*, 1 Cal. 221, 230); this was the early law in California (*Pinkerton* v. *Woodward*, 33 Cal. 557 [91 Am.Dec. 657]; *Muehlebach* v. *Paso Robles Springs Hotel*, 65 Cal.App. 634 [225 P. 19]), codified in 1872 by section 1859, Civil Code. (*Churchill* v. *Pacific Imp. Co.*, 96 Cal. 490 [31 P. 560].) Concurrent therewith section 1860 was adopted permitting an innkeeper to escape his common-law liability under section 1859 if he kept a fireproof safe and gave notice thereof and the guest failed to deposit his property for safe keeping. However, in 1895 both sections were amended—section 1859 changed the innkeeper's liability from that of an insurer under the common law to that of a ''depositary for hire'' and prescribed various monetary limitations for losses of certain property thereunder unless ''he consented with the owner thereof to assume a greater liability''; section 1860 extended the benefits of its provisions to others and limited liability to $250 unless a receipt in writing was given to the guest. Subsequent amendments to both sections have resulted in their present-day provisions.

■ Without question the effect of the 1895 changes in sections 1859 and 1860, and the subsequent amendments thereto, was to relieve the innkeeper in California of the burden of common-law liability as an insurer and establish his liability to be that of a ''depositary for hire.'' (*Muehlebach* v. *Paso Robles Springs Hotel*, 65 Cal.App. 634 [225 P. 19]; *Providence Washington Ins. Co.* v. *Hotel Marysville*, 60 Cal.App.2d 338 [140 P.2d 698]; *Hummingbird* v. *Schurich*,

24 Cal.App.2d Supp. 757 [68 P.2d 319] ; *Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961].) ▮ Moreover, it is clear from their legislative history that sections 1859 and 1860 "were designed to cover an innkeeper's liability for all articles of personal property carried by his guests. They have a common purpose and must be read together" (*Gardner* v. *Jonathan Club,* 35 Cal.2d 343, 350 [217 P.2d 961] ; *Robert Altman, Inc.* v. *Biltmore Hotel,* 190 Cal.App.2d 274 [11 Cal.Rptr. 838] ; *Baxter* v. *Shanley-Furness Co.,* 193 Cal. 558 [226 P. 391] ) ; this has resulted in an interpretation of the provisions contained in the proviso of section 1859 and those in section 1860 as "but modifications or limitations" of the liability defined in section 1859. (*Muehlebach* v. *Paso Robles Springs Hotel,* 65 Cal.App. 634, 640 [225 P. 19].)

▮ Section 1860 creates no liability of its own; it expresses only a limitation of, and is entirely dependent upon, the liability established by the Legislature in section 1859. Section 1859, at the outset, defined the innkeeper's basic liability in California to be that of a "depositary for hire"; then immediately thereafter in a proviso the Legislature limited that liability to specific sums for certain articles unless he executed a written consent to assume liability in a greater amount. (*Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961].) ▮ And a further limitation on the basic liability defined in section 1859 appears in the succeeding section—1860; it, in fact, frees an innkeeper from all liability if he keeps a fireproof safe and gives notice thereof and if a guest does not then deposit his property for safekeeping. (*Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961] ; *Muehlebach* v. *Paso Robles Springs Hotel,* 65 Cal.App. 634 [225 P. 19].)

▮ The articles referred to in section 1860, "money, jewelry, documents, furs, fur coats and fur garments," being included in the general term "personal property" employed in the preceding section (1859), are primarily covered by the statutory liability established in section 1859 and subject to its limitations unless there is an agreement in writing to assume a greater amount. These limitations need not be activated by any affirmative act of the innkeeper because since 1895 they have been affixed to this section by the Legislature.

▮ However, "Section 1860, relating to small articles of unusual value that are easily lost or misplaced, affords the innkeeper *additional* protection against liability for loss"

(emphasis added) (*Gardner* v. *Jonathan Club,* 35 Cal.2d 343, 351 [217 P.2d 961]); thus, if he wishes to protect himself against *any* liability for these items he must do certain acts—keep a fireproof safe and give notice thereof—and if he does so and a guest fails to deposit his property for safekeeping, he is free from all liability. But if he fails to do either or both of these acts, and if he is negligent, he then becomes liable under section 1859 for the limited sums set forth therein. The rule of liability *does not,* as urged by appellant, revert to the common law restoring an innkeeper's liability to that of an insurer. This is made clear by the Supreme Court in *Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961]; it stated at page 351: "If he [innkeeper] keeps a safe and posts the prescribed notices [§ 1860], he is exempted from all liability for such articles unless they are placed in his safe. If he does not keep a safe, section 1859 governs his liability." This interdependence of section 1860 with section 1859 was early recognized in the case of *Muehlebach* v. *Paso Robles Springs Hotel,* 65 Cal.App. 634 [225 P. 19], in its interpretation of the proviso of section 1859 and the provisions of section 1860 as only modifications or limitations of the basic liability defined in the first part of section 1859. For a further expression of the rule, see a discussion appearing in 27 California Jurisprudence 2d, section 34 at page 290 which ends with the following: "If he does not keep a safe or does not properly give the prescribed notice, the preceding statutory provision [§ 1859] governs his liability."

Appellant claims *Baxter* v. *Shanley-Furness Co.,* 193 Cal. 558 [226 P. 391], and *Cline* v. *Dimmick,* 82 Cal.App. 155 [255 P. 213], as "authority in law for imposing common-law liability on respondents" (A.O.B., p. 17), relying on the following statement of the court in the *Baxter* case, *supra,* cited to us entirely out of context and without regard to the court's holding: "If an innkeeper does not comply with the conditions of statutes exempting him from his common-law liability, the common-law liability is imposed." (Pp. 561-562.) Correctly read in conjunction with the facts of that case and section 1859 as it stood at the time of the loss, it is more than obvious that such a proposition could have no application under the present law.

In *Baxter* v. *Shanley-Furness Co.* (1924) 193 Cal. 558 [226 P. 391], certain money and jewelry were stolen from the room of a guest. Defendant hotel company had a safe but failed

to give sufficient notice thereof—in short, it failed to comply with section 1860. The lower court found defendant to be free from negligence and entered judgment against plaintiff. The Supreme Court held that defendant was not liable for the loss of the jewelry inasmuch as it was covered by section 1859 and defendant had been found not to be negligent as a depositary for hire thereunder; resort was made not to the common law to impose liability but to that defined by statute (§ 1859). In holding this the court recognized the interdependence of section 1860 with section 1859, and this phase of the case is controlling here; it is entirely inconsistent with appellant's position and serves as no authority therefor. Nor does the court's holding concerning the money loss aid appellant. While the court did resort to the common law to hold defendant liable for loss of money, it is clear that it was forced to do so *only* because at the time of the loss section 1859 specifically excluded money from the articles covered by an innkeeper's liability as a depositary for hire; thus for defendant's failure to comply with section 1860 which included money, the money loss appeared to be covered only by common-law liability. The reversal of the judgment made defendant liable for loss of the money alone. Such a result could not now attach for the 1927 amendment to section 1859 deleted the exclusion "other than money," from its operation. In *Cline* v. *Dimmick*, 82 Cal.App. 155 [255 P. 213], without noting the legal distinction between the money and jewelry loss in the *Baxter* case, the court cited therefrom using the quotation relative to the loss of money as controlling authority in the loss of a fur cape. Yet a careful reading of the case reveals that defendant was not held to the liability of a common-law insurer on that loss, at least in so far as the amount awarded was concerned. The *Cline* case decided in 1927 is not consistent with the prevailing rule.

Without merit is appellant's further suggestion that in any event section 1859 does not apply because the jewelry and fur coat are specifically covered by section 1860 as articles of value (and not the ordinary inexpensive ones commonly carried by travelers such as contemplated in section 1859) and thus are excluded under section 1859. At the beginning of section 1859 the Legislature used the term "personal property" in referring to that covered by an innkeeper's liability; as to the operative extent of that term, it immediately thereafter in a proviso specifically listed certain containers and

their contents, and then to expressly include all other property, employed the phrase: "all other personal property of any kind," which obviously refers to that brought into the hotel room kept outside of the containers specified. The Supreme Court in *Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961], at page 351, left no doubt that, "Section 1859 covers all articles brought into the hotel or inn by a guest. . . . Section 1859 refers to the property of guests remaining in their possession in the rooms of the inn or hotel; section 1860 refers to articles placed in the safe in the possession of the innkeeper. . . ." Thus section 1859 applies to all personal property of any kind remaining in the possession of a guest in his room. And for whatever reason they did not deposit the same with the hotel for safekeeping, the jewelry and mink coat nevertheless remained in the possession of the Hunts in their hotel room and are covered by section 1859.

 Under section 1859 an innkeeper is held to the liability of a bailee for hire; he is not liable for loss of or injury to property in the room of a guest unless he is negligent or dishonest and then he is liable for only the limited amounts specified in section 1859 unless he consents in writing to a greater liability. (*Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961].) "Under the statutes as amended [§§ 1859 and 1860], however, his [innkeeper's] liability is that of a depositary for hire. To impose liability on him for loss of the property of his guests, the loss must be caused by his own negligence or dishonesty or that of his employees . . . . If he fails to prove that the loss did not result from the aforementioned cause, he is liable for that loss under sections 1859 and 1860, but his liability is limited to the specified amounts unless he has assumed a greater liability or has himself stolen the property." (P. 347.)

A review of the record before us reveals that defendant was neither negligent nor dishonest; plaintiff made no claim for loss caused by defendant's dishonesty, and although it alleged negligence in that defendant "allowed known and suspected thieves, felons and other persons of disrepute to visit the premises from time to time" (par. IX), the trial court found defendant free from negligence, and there is here no claim that such finding was unsupported by the evidence. (*Nichols* v. *Mitchell,* 32 Cal.2d 598 [197 P.2d 550].) Although the court found, supported by the evidence, that de-

fendant executed no "consent in writing" to assume a greater liability than is set forth in section 1859, and that no deposit of the articles in question was made, nor was a "receipt" issued under section 1860, we deem such finding immaterial in view of the further finding that as a depositary for hire defendant was neither negligent nor dishonest. Thus, it appears that there is here no liability for even the limited amount of $250 awarded. (*Baxter* v. *Shanley-Furness Co.*, 193 Cal. 558 [226 P. 391].) However, since no appeal from the judgment was taken by defendant we will not make an order effecting a change therein; and affirm the judgment for the foregoing reasons.

Wood, P. J., and Fourt, J., concurred.