STATE FARM LLOYDS, Plaintiff.

v.

Bobby GOSS and Wife Christine Goss, Individually and as Next Friends For Brittney Nichole Goss, and Wanda Wheeler, Individually and D/B/A Wanda Wheeler Real Estate, Defendants.

No. 6:99CV136.

United States District Court,
E.D. Texas,
Tyler Division.

Aug. 4, 2000.

Paul M. Boyd, Paul M. Boyd PC, Tyler, TX, for Plaintiff.

Dennis Michael McKinney, Erskine & McMahon LLP, Timothy Gerard Moore, Merriman Patterson & Allison, Longview, TX, for Defendants.

### *SUMMARY JUDGMENT ORDER*

STEGER, District Judge.

Came on this day to be considered the *Plaintiff's Motion for Summary Judgment and Brief in Support Thereof* (Docket No. 11). After careful consideration, the Court is of the opinion that the following order should issue.

### FACTS AND PROCEDURAL HISTORY

This is a declaratory judgment insurance case. The Plaintiff, State Farm Lloyds (hereinafter "State Farm"), seeks a declaration of its responsibilities toward Wanda Wheeler, the Defendant in the underlying case.

In the underlying case, the Plaintiffs, Bobby and Christie Goss (hereinafter "the Gosses"), filed suit against Wanda Wheeler (hereinafter "Wheeler"), d/b/a Wheeler Real Estate, in Gregg County District Court, seeking damages for the death of their two-year-old daughter, Brittney Nichole, who died in a house fire. The Gosses were in the process of buying the house from Wheeler.

The Gosses maintain that the house burned due to conditions of the property that failed to meet the Kilgore Building Code, and that Wheeler knew or should have known that the building was not up to code.

State Farm issued a Business Policy 93–GC–4253–2 (hereinafter "Business Policy") and a Texas Homeowner's Policy 72–61–1463–9 (hereinafter "Homeowner's Policy") to the Defendant Wanda Wheeler. Wheeler has made a demand upon State Farm to defend and indemnify her against claims brought by the Gosses in the original state-court action. State Farm now seeks to avoid coverage of the house fire under both of the aforementioned policies. State Farm contends that the fire does not fall within covered conditions, or is specifically excluded by language in the policies.

The motion is now ripe for consideration.

### STANDARD OF REVIEW

A party is entitled to summary judgment on all or any part of a claim "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c). *Anderson v. Liberty Lob-*

*by, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party must show initially that there is no genuine issue of any material fact. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The movant may meet this burden by pointing out the absence of evidence supporting any essential element of the non-moving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In deciding whether to grant a motion for summary judgment, the Court "review[s] the evidence and inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 189 (5th Cir.1991) (citing *Duvall v. The Ritz Carlton Hotel Co.,* 946 F.2d 418, 420 (5th Cir.1991), and quoting FED.R.CIV.P. 56(c)). An issue is "genuine" only if the evidence could lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255, 106 S.Ct. at 2513).

The opposing party may not rest on the mere allegations or denials of artful pleading, but must set forth affirmative facts that show a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. This requires that the non-moving party make a showing sufficient to establish the existence of any element essential to that party's case, and on which that party will bear the burden at trial. *Nowlin v. R.T.C.,* 33 F.3d 498, 501 (5th Cir. 1994) (citing *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–553).

 In the case *sub judice,* the parties seemingly agree that Texas law controls whether State Farm has a duty to defend Wheeler in the underlying state-law claims.[1] Texas courts follow the "Eight Corners Rule" or the "Complaint Allegations Rule" in making this determination. *Canutillo Indep. Sch. Dist. v. National Union Fire Ins. Co.,* 99 F.3d 695, 701 (5th Cir.1996). Under this rule, courts compare the words of the insurance policy with the allegations of the plaintiff's complaint to determine whether any claim asserted in the pleading is potentially within the policy's coverage. *National Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex. 1997). The burden is on the insured to show that a claim against him is potentially within the scope of coverage under the policies. However, if the insurer relies on the policy's exclusions, it bears the burden of proving that one or more of those exclusions apply. *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.,* 143 F.3d 192, 193 (5th Cir. 1998); *Canutillo,* 99 F.3d at 701; *Sentry Ins. v. R.J. Weber,* 2 F.3d 554, 556 (5th Cir.1993). Once the insurer proves that an exclusion applies, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion. *Guaranty Nat'l Ins. Co.,* 143 F.3d at 193.

### ANALYSIS

Pursuant to the Eight Corners Rule, the Court will examine both of the contested insurance policies and the state-court complaint in the underlying lawsuit to determine whether State Farm is obligated to defend and indemnify Wheeler.

### A. Coverage Under the Business Policy

At the time of the fire in the underlying case, Wheeler was covered by Business Policy 93–GC–4253–2. State Farm alleges that it is entitled to summary judgment because (1) there is no allegation in Goss' state-court petition that the incident arose out of premises used for general office purposes, (2) the underlying petition does not allege that the injuries in question occurred from real estate operations at premises listed for sale or rental, and (3) the state-court petition specifically alleges that the insured, Wheeler, owned the premises—thereby excluding her acts and

---

1. Although neither party specifically addressed the issue of controlling state law, both parties urged Texas common law in their motions and responses.

omissions from coverage. Because of the Court's ruling on the third contention by State Farm, it will not be necessary to visit the first two.

The Business Policy between State Farm and Wheeler provided as follows:

We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury, or advertising injury to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under supplementary payments.

*Business Policy* p. 20. Further, the business policy contained a Real Estate Operations Limitation of Coverage Endorsement which stated:

COVERAGE L—BUSINESS LIABILITY applies only to bodily injury, property damage, personal injury, or advertising injury arising out of:

1. The ownership, operation, maintenance or use of such part of any premises you use for general office purposes; and

2. Your real estate operations and premises listed for sale or rental if you do not: ´

a. Own, operate, manage or rent such premises;

b. Have care, custody, or control over such premises in any manner other than showing its prospective buyers or their qualified representatives, or conducting an open house; or

c. Act as agent for the collection of rents or in any supervisory capacity.

*See Real Estate Operations Limitation of Coverage Endorsement* attached to the *Business Policy.*

■ Unfortunately for the Defendants in this case, this endorsement clearly and unambiguously makes liability under the business policy issued to Wheeler applicable only if damages arise out of Wheeler's real estate operations. Further, the policy specifically excludes coverage of Wheeler's real estate property if Wheeler owns, operates, or manages it in a manner inconsistent with merely showing it to prospective buyers.

Pursuant to the Eight Corners Rule, the Court must examine the Goss' pleadings in order to determine whether State Farm is contractually bound to defend and indemnify Wheeler. In the *Plaintiffs' First Amended Original Petition,* the Gosses specifically allege that the "Defendant [Wheeler] held legal title to the property in question while the Plaintiffs [the Gosses] held equitable title." *See Plaintiffs' First Amended Original Petition* pp. 1–2. Additionally, the Goss' allege that the residence was still owned by Wheeler at the time of the fire, and "as the owner of said property," Wheeler was liable for the substandard conditions that lead to their damages. *Id.* The language in the Goss' amended petition is significant in this case because it places any alleged acts or omissions by Wheeler squarely within the previously mentioned Real Estate Operations Limitation of Coverage exclusion.

With respect to the Business Policy, the Court finds that there is no genuine issue as to any material fact concerning the application of the previously mentioned Real Estate Operations Limitation of Coverage exclusion. As such, the Court holds that State Farm is not contractually bound to defend or indemnify Wheeler under the Business Policy as a matter of law.

### B. Coverage Under the Homeowner's Policy

State Farm also asks this Court to declare its responsibilities to Wheeler under the Homeowner's Policy. At the time of the fire in the underlying case, Wheeler was covered by Homeowner's Policy 72–61–1463–9. State Farm alleges that it is entitled to summary judgment because (1) the "non-insured property" exclusion prevents coverage for damages arising out of

a premises owned by Wheeler that is not the insured location, and (2) the "business pursuit exclusion" of the Homeowner's Policy prevents coverage for bodily injury or property damage arising out of a business engaged in by the insured. Because of the Court's ruling on State Farm's first contention, it will not be necessary to discuss their second one.

The Homeowner's Policy states in pertinent part:

Section II Exclusions

Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to:

> e. Bodily injury or property damage arising out of a premises:
>
> (1) owned by an insured;
>
> (2) rented to an insured; or
>
> (3) rented to others by an insured; that is not the insured location.

*See Homeowner's Policy* pp. 8–9. The Homeowner's Policy goes on to define the term "insured location" as:

> a. the residence premises.
>
> b. the part of other premises, other structures and grounds you use as a residence and:
>
> (1) which is shown on the declarations page; or
>
> (2) which you acquire during the policy period for your use as a residence.
>
> c. any premises you use in connection with a premises in 5.a. or 5.b. above.
>
> d. any part of a premises:
>
> (1) not owned by an insured; and
>
> (2) where the insured is temporarily residing.
>
> e. vacant land, other than farm land, owned by or rented to an insured on which a one or two family dwelling is being built as a residence for an insured.
>
> f. land owned by or rented to an insured on which a one or two family dwelling is being built as a residence for an insured.
>
> g. individual or family cemetery plots or burial vaults of an insured.
>
> h. Any part of a premises occasionally rented to an insured for other than business use.

*See Homeowner's Policy* p. 1.

■ Based on the explicit language of the exclusion section of the Homeowner's Policy, it is clear that Wheeler is not entitled to be defended or indemnified by State Farm if (1) she owns the premises in question, and (2) the premises is not the "insured location." *See Homeowner's Policy* pp. 8–9.

Wheeler admits that the premises in question, 412 Florey, Kilgore, Texas, was not the insured location listed on the Declarations Page. *See Brief in Support of Defendant Wanda Wheeler Individually and Wanda Wheeler d/b/a Wheeler Real Estate's Response to Plaintiff's Motion for Summary Judgment,* hereinafter "Wheeler's Response" (Docket No. 23) p. 10.

The last remaining element necessary to satisfy the contractual exclusion is that the insured (Wheeler) owns the premises in question. This is where Wheeler claims that State Farm has failed to meet its summary judgment burden. Wheeler alleges that "the sold premises was not owned by Wheeler at the time of the occurance." In order for Wheeler to justify this claim she argues:

> [The] policy exclusion does not specifically hold that property that used to be owned by an insured is excluded. Rather, the exclusion is written in the present tense, meaning that it must be property that *is* owned at the time of the occurrence.

*Wheeler's Response* pp. 10–11. Wheeler then goes on to argue that having "naked legal title" is not the same as being the "owner" of the property. Wheeler contends that her contract for sale with the Goss' transferred a superior right to them—and thus, Wheeler was no longer a

"owner" for the purposes of the exclusion at hand.

Applying Texas law, it is true that exceptions and limitations in an insurance policy are strictly construed against the insurer. *American States Ins. Co. v. Bailey,* 133 F.3d 363, 369 (5th Cir.1998); *See also, e.g.,Canutillo Indep. Sch. Dist. v. National Union Fire Ins. Co.,* 99 F.3d 695, (5th Cir.1996). Therefore, the Court "must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not itself unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Bailey,* 133 F.3d at 369. (citing *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex.1987)). However, these rules favoring the insured are applicable only when there is an ambiguity in the policy—if the exclusions in question are susceptible to only one reasonable interpretation, then these rules do not apply. *Bailey,* 133 F.3d at 369. (citing *National Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991)).

The Court finds that the term "owned" is indeed susceptible to only one reasonable definition. Texas law states that the terms in an insurance policy are to be given their ordinary and generally accepted meaning, unless the policy shows that the words were meant in a technical or different sense. *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 133 (Tex.1994), (citing *Security Mut. Cas. Co. v. Johnson,* 584 S.W.2d 703, 704 (Tex.1979)). The Court refuses to split hairs over the tense of the word "owned" as urged by Wheeler with respect to the exclusion section of the Homeowner's policy. Again, looking to the Goss' petition, they clearly allege that the property in question was still "owned by the Defendant [Wheeler]." *See Plaintiffs' First Amended Original Petition* pp. 1–2.

After applying the Eight Corners Rule, it is clear that there is no genuine issue as to any material fact concerning the application of the previously mentioned Homeowner's Policy exclusion. As such, the Court holds that State Farm is not contractually bound to defend or indemnify Wheeler under the Homeowner's Policy as a matter of law.

### Conclusion

State Farm's motion for summary judgment should be granted. State Farm has sufficiently established that various exclusions apply to both the Business Policy and the Homeowner's Policy issued to Wheeler. Wheeler has failed to show that the Goss' claims fall within an exception to the exclusions.

It is therefore

**ORDERED** that *Plaintiff's Motion for Summary Judgment and Brief in Support Thereof* (Docket No. 11) is **GRANTED**. It is further

**ORDERED** that all costs of court are to be borne by the party incurring the same. It is further

**ORDERED** that all other relief requested not herein expressly granted is hereby **DENIED**. It is further

**ORDERED** that this action be **DISMISSED WITH PREJUDICE**