[No. B046885. Second Dist., Div. Four. Mar. 22, 1991.]

HISAKO NAGASHIMA, Plaintiff and Respondent, v.
HYATT WILSHIRE CORPORATION, Defendant and Appellant.

**COUNSEL**

Byers, Kroll, Kuittinen & Lyden, D. Michael Lyden and Robert D. Anderson for Defendant and Appellant.

Greene, Broillet, Taylor & Wheeler and John C. Taylor for Plaintiff and Respondent.

**OPINION**

**GEORGE, J.**—Plaintiff sued defendant, alleging she suffered personal injuries and loss of property when personal property was stolen from her while she was a guest at a hotel owned and operated by defendant. ██ ██ ██ Following settlement of plaintiff's personal injury claim, a court trial was held on her claim for loss of personal property. Stipulating to the underlying facts, the parties asked the court to resolve the legal issue "of the application of the California 'Innkeeper Statute' as set forth at Civil Code Sections 1859 and 1860."[1] The court, holding inapplicable the limitation on liability afforded by the innkeeper statute (enacted in 1872 and subsequently amended), entered judgment in favor of plaintiff in the amount of $72,000. Defendant appeals. For the reasons that follow, we reverse the judgment

---

[1] All further statutory references are to the Civil Code.

"Section 1859 refers to the property of guests remaining in their possession in the rooms of the inn or hotel; section 1860 refers to articles placed in the safe in the possession of the innkeeper." (*Gardner* v. *Jonathan Club* (1950) 35 Cal.2d 343, 351 [217 P.2d 961].) Section 1860, which we perceive to be the governing statute, provides: "If a[] . . . hotelkeeper . . . keeps a fireproof safe and gives notice to a guest, . . . by putting up a printed notice in a prominent place in the . . . room occupied by the guest, . . . that he keeps such a safe and will not be liable for money, jewelry, . . . or other articles of unusual value and small compass, unless placed therein, he is not liable, except so far as his own acts shall contribute thereto, for any loss of or injury to such articles, if not deposited with him to be placed therein, nor in any case for more than the sum of five hundred dollars ($500) for any or all such property of any individual guest, . . . unless he shall have given a receipt in writing therefor to such guest . . . ."

In 1979, the Legislature raised the limitations on liability to their current levels.

and remand the matter to the trial court with directions to enter judgment in favor of plaintiff in the amount of $500.

## PROCEDURAL AND FACTUAL HISTORY

On April 24, 1984, plaintiff filed against defendant a complaint seeking damages for personal injuries and loss of personal property, alleging that on August 14, 1983, personal property was stolen from her possession while she was a guest at a hotel owned and operated by defendant. On March 20, 1989, the parties filed a stipulation that stated, in pertinent part, as follows. Plaintiff's claim for personal injuries had "been resolved by express agreement between the parties," leaving only her claim for loss of personal property. "[T]he reasonable market value of the items of personal property, (to wit: 'jewelry') . . . on the date of the incident [was] $72,000.00." "[P]laintiff shall, on the issue of property damage, have a judgment entered." "The sole issue for the Court is . . . whether . . . the limitation on the amount of damages recoverable by plaintiff [contained in sections 1859 and 1860] is applicable to the instant litigation."

The stipulated facts, as stated in defendant's trial brief, were as follows. Plaintiff was a registered guest at defendant's hotel on August 14, 1983, when personal property was taken from her possession while she was standing at the checkout counter in the lobby.[2] Prior to this theft, plaintiff had kept the property in one of the hotel's safe deposit boxes. Plaintiff had not informed defendant in writing of the nature or value of this property. Defendant had not agreed in writing to assume any liability greater than the amount specified in section 1859. Defendant had posted printed notices in every room of the hotel informing guests that a safe was available for safekeeping of their valuables and that defendant would not be liable for property of unusual value unless placed in the hotel safe.

A court trial was held on May 17, 1989. Following arguments by counsel, the court ruled that sections 1859 and 1860 did not govern the present case, because the property taken was not under the control of the hotel at the time of the theft, and awarded judgment to plaintiff in the amount of $72,000.

---

[2] The record before us provides no further description of the manner in which plaintiff's jewelry was stolen. In its opening brief, defendant offers the following account, unsupported by citation to the record on appeal: "Plaintiff was in the lobby of the hotel and had just taken possession of a small bag (later declared to contain jewelry) after checking it out from the hotel's safe. At no time had Plaintiff ever declared to Defendant the value or the contents of the small bag holding her jewelry. While Plaintiff was in possession of her property and while still at the front desk, an unidentified third party stole the bag of jewelry." Plaintiff states in her brief, also without citation to the record on appeal, that she "was the victim of a robbery committed in the public lobby of the Hyatt Wilshire."

## DISCUSSION

■ The trial court erred in ruling that the innkeeper statute is inapplicable in the present case because the property was not under the control of the hotel at the time of the theft. Section 1860 provides that if a hotelkeeper "keeps a fireproof safe and gives notice" thereof to hotel guests, the hotelkeeper "is not liable, except so far as his own acts shall contribute thereto, for any loss of or injury to such articles, if not deposited with him to be placed therein, nor in any case for more than the sum of five hundred dollars ($500) for any or all such property of any individual guest, . . . unless he shall have given a receipt in writing therefor to such guest . . . ."

■ "Sections 1859 and 1860 were designed to cover an innkeeper's liability for all articles of personal property carried by his guests. They have a common purpose and must be read together. In each section, the reason for the exception to the liability limitation is clear. Should a guest wish protection in excess of the statutory limitation, he must declare the value of his property to give the innkeeper an opportunity to confirm the estimate of value. He can then refuse to assume the greater liability or if he assumes it he can take proper precautions for the protection of the property. Liability in excess of the statutory limitation is thus based on the innkeeper's agreement to assume it. [Citations.]" (*Gardner* v. *Jonathan Club, supra,* 35 Cal.2d 343, 350.)

■ In the present case, defendant kept a fireproof safe and gave notice thereof to plaintiff, thus invoking the protection of section 1860. Because defendant did not agree to assume liability in excess of the statutory limitation, defendant's liability "for losses of or injuries to personal property" is limited to $500 whether or not the property was in the possession of the hotel at the time of the loss or injury. (*Federal Ins. Co.* v. *Beverly Hills Hotel Corp.* (1962) 202 Cal.App.2d 120, 127 [20 Cal.Rptr. 502].)

Citing *Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112 [211 Cal.Rptr. 356 [695 P.2d 653 [A.L.R.4th 1747], plaintiff contends the trial court reached the correct result, although utilizing erroneous reasoning, because the innkeeper statute was not intended to limit the liability of a hotelkeeper "premised upon its responsibility as a landowner to control the wrongful acts of third persons which unreasonably threaten its invitees." This novel argument, premised upon plaintiff's assertion that "[d]efendant was not acting as a depositary when the robbery occurred," finds no support in any California published decision of which we are aware, and we decline to adopt it.

■ The applicability of the provisions of section 1860, limiting the liability of a hotelkeeper, does not depend upon the type of cause of action brought by the plaintiff in a particular case. As noted by the Supreme Court in *Gardner*, which rejected an analogous argument: "Section 1860 unequivocally limits liability for loss 'in any case' . . . ; it does not except losses caused by employees' dishonesty. The same is true of the provision of section 1859 that 'in no case' shall liability exceed the specified amounts." (*Gardner* v. *Jonathan Club, supra,* 35 Cal.2d 343, 348; *Pacific Diamond Co.* v. *Superior Court* (1978) 85 Cal.App.3d 871, 876 [149 Cal.Rptr. 813].)

■ As to articles which have been "placed in the safe in the possession of the innkeeper" (*Gardner* v. *Jonathan Club, supra,* 35 Cal.2d 343, 351), section 1860 clearly limits the liability of a hotelkeeper to $500 (except where the hotelkeeper has agreed in writing to assume a greater liability). This limitation of liability is not restricted to the period of time in which the articles are actually inside the hotel safe; the language of section 1860 encompasses the plaintiff's situation, where the valuables were deposited in the safe, subsequently withdrawn by the guest, and taken from her as she checked out of the hotel. Defendant could have agreed (but did not) to assume liability greater than $500. Had defendant so agreed, it might then have "take[n] proper precautions for the protection of the property" (*id.,* at p. 350) until plaintiff's jewelry, valued at $72,000, was no longer on defendant's premises.

We also reject plaintiff's suggestion that, in order to prevent injustice, we should interpret the innkeeper statute so as to avoid its application in the present case. ■ " 'It is a settled principle in California law that "[w]hen statutory language is thus clear and unambiguous there is no need for construction, and courts should not indulge in it." [Citation.]' " (*In re Lance W.* (1985) 37 Cal.3d 873, 886 [694 P.2d 744].) Finding no ambiguity in the language of section 1860, we are unpersuaded by plaintiff's assertion that application of the innkeeper statute contravenes public policy, an argument better addressed to the Legislature.

Because the parties have stipulated that "plaintiff shall, on the issue of property damage, have a judgment entered" and that "the reasonable market value of the items of personal property, (to wit: 'jewelry') . . . on the date of the incident [was] $72,000.00," we remand the matter to the trial court with directions to enter judgment in favor of plaintiff in the maximum amount allowed by section 1860, namely $500.

## DISPOSITION

The judgment is reversed and the case remanded to the trial court with directions to enter judgment in favor of plaintiff in the amount of $500. Defendant is to recover its costs on appeal.

Woods (A. M.), P. J., and Epstein, J., concurred.