[No. D012206. Fourth Dist., Div. One. Oct. 31, 1991.]

LINDA TAYLOR, Plaintiff and Appellant, v.
FORTE HOTELS INTERNATIONAL, Defendant and Respondent.

COUNSEL

Moss & Hough and Gary E. Moss for Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter, Dale B. Goldfarb, Mark W. Flory and Michael F. Cressey for Defendant and Respondent.

OPINION

**WIENER, Acting P. J.**—We decide in this appeal that the 90-day limitations period of Code of Civil Procedure section 341a[1] "for the recovery or conversion of personal property, wearing apparel, trunks, valises or baggage" left at a hotel does not apply to actions seeking damages against the hotel based on negligence or breach of contract.[2] We therefore reverse the judgment with instructions to the trial court to overrule the demurrer of defendant Forte Hotels International (FHI) to plaintiff Linda Taylor's third amended complaint.

### FACTUAL AND PROCEDURAL BACKGROUND

We accept as true the allegations of Taylor's complaint describing her experiences in August 1986 following her stay at FHI's Viscount Hotel in

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified. Section 341a states in part:

"All civil actions for the recovery or conversion of personal property, wearing apparel, trunks, valises or baggage alleged to have been left at a hotel . . . shall be begun within 90 days from and after the date of the departure of the owner of said personal property, wearing apparel, trunks, valises or baggage from said hotel, . . ."

[2] Interestingly notwithstanding the plethora of hotels in California this is a case of first impression. Only two published cases have considered section 341a's application, neither of which determined whether section 341a applies to actions for negligence or breach of contract. In *Pawn v. Wall* (1928) 88 Cal.App. 597 [264 P. 268] the plaintiff stored her luggage with the hotel and departed, informing the hotel that she was "going away" and would retrieve her luggage later. The court held that because the plaintiff filed her action six months after her departure from the hotel, section 341a barred her action for recovery of her luggage. (At pp. 598, 600.) More recently, in *Martin v. Holiday Inns, Inc.* (1988) 199 Cal.App.3d 1434 [245 Cal.Rptr. 717] the plaintiff's truck was stolen from hotel premises while he was a guest at the hotel. The court held section 341a did not bar the plaintiff's action because the truck did not constitute "personal property" as set forth in section 341a. The court expressly left open, however, the question whether section 341a applies to causes of action based on negligence. (At p. 1438, fn. 4.)

New York City. She alleges that after checking out and paying her hotel bill, she asked a Viscount employee to safeguard her luggage while she ate breakfast at the Viscount's restaurant. The employee agreed to do so. When Taylor returned to retrieve her luggage, the employee told her the luggage had been stolen.

On July 12, 1988, Taylor filed the underlying action against FHI on various theories. Her third amended complaint, the subject of this appeal, contained two causes of action: negligence and breach of contract. The court sustained FHI's demurrer without leave to amend on the ground Taylor's suit was not timely under section 341a. Taylor appeals from the judgment of dismissal.

DISCUSSION

I

Whether the limitations period provided by section 341a applies to this case requires us to ascertain and effectuate the legislative intent underlying its enactment. (*Kimmel* v. *Goland* (1990) 51 Cal.3d 202, 208 [271 Cal.Rptr. 191, 793 P.2d 524].) ■ In determining legislative intent, we turn first to the words of the statute and apply the "plain meaning" rule. Because the Legislature is presumed to have meant what it said, the plain meaning of the statute governs. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) We must give effect to the usual, ordinary import of the language of the statute. (*People* v. *Morris* (1988) 46 Cal.3d 1, 15 [249 Cal.Rptr. 119, 756 P.2d 843].) Moreover, the statute must be construed so as to avoid an interpretation which renders any of its language surplusage. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].) Finally, the statute must be considered within the context of the statutory framework as a whole. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

With these principles in mind we first turn to the meaning of the words "conversion" and "recovery." ■ Where a word or phrase has a well-known and definite legal meaning, it should be so construed when used in a statute. (*People* v. *Heitz* (1983) 145 Cal.App.3d Supp. 8, 17 [193 Cal.Rptr. 138].) We have no reason to believe the Legislature used "conversion" in any other than its ordinary legal meaning. ■ Although damages for conversion are frequently the equivalent to the damages for negligence, i.e., specific recovery of the property or damages based on the value of the property, negligence is no part of an action for conversion. (*Fresno Air Service* v. *Wood* (1965) 232 Cal.App.2d 801, 806 [43 Cal.Rptr. 276].)

■ Conversion is the wrongful exercise of dominion over the personal property of another. (*Zaslow* v. *Kroenert* (1946) 29 Cal.2d 541, 549 [176 P.2d 1].) The *act* must be knowingly or intentionally done, but a *wrongful intent* is not necessary. (See *Poggi* v. *Scott* (1914) 167 Cal. 372, 375 [139 P. 815]; 5 Witkin Summary of Cal. Law (9th ed. 1988) Torts, § 624, pp. 717-718.) Because the act must be knowingly done, "neither negligence, active or passive, nor a breach of contract, even though it result in injury to, or loss of, specific property, constitutes a conversion." (*Emmert* v. *United Bank etc. Co.* (1936) 14 Cal.App.2d 1, 4 [57 P.2d 963].) It follows therefore that mistake, good faith, and due care are ordinarily immaterial, and cannot be set up as defenses in an action for conversion. (*Byer* v. *Canadian Bank* (1937) 8 Cal.2d 297, 300 [65 P.2d 67].)

Because "conversion" is used in its legal sense, "recovery" is used in its legal sense as well. ■ " '[W]here a word of common usage has more than one meaning, the one which will best attain the purposes of the statute should be adopted, even though the ordinary meaning of the word is thereby enlarged or restricted and especially to avoid absurdity or to prevent injustice.' " (*People* ex rel. *S.F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 543-544 [72 Cal.Rptr. 790, 446 P.2d 790], quoting *People* v. *Asamoto* (1955) 131 Cal.App.2d 22, 29 [279 P.2d 1010].)

■ In a broad general sense, "recovery" is defined as the regaining of that which has been lost, missing, or taken away. (76 C.J.S., Recovery, § 76, p. 171.) In a narrower legal sense, it means "the obtaining [by judgment] of some right or property which has been taken or withheld from him." (76 C.J.S., Recovery, § 76, p. 172.) The relationship between "recovery" and "conversion" has been explained by the California Supreme Court in *Kelly* v. *McKibben* (1880) 54 Cal. 192 as follows: "The distinction between this action [to recover possession, or the value in case a delivery cannot be had] and one to recover damages for the wrongful conversion of personal property, is just as broad as that between the common-law actions of *detinue* and *trover*.[3] . . . One lies for the recovery of the property itself, with damages for the wrongful detention of it, the other for the recovery of damages for the wrongful conversion of it. In the former case the judgment must be for the possession of the property, if a delivery can be had, or for the value thereof, if a delivery cannot be had, with damages for the detention, in either case." (At p. 195.) (*Kelly* v. *McKibben, supra,* 54 Cal. 192, 195 (italics in original); see also *Peterson* v. *Sherman* (1945) 68 Cal.App.2d 706, 711 [157 P.2d 863].)

■ "Recovery" and "conversion" are thus separate causes of action with separate remedies. Both are intentional causes of action which give no

---

[3]Trover is the technical name for an action for conversion. (See *Vuich* v. *Smith* (1934) 140 Cal.App. 453, 455 [35 P.2d 365].)

consideration to the defendant's standard of care or state of mind. (See *Poggi* v. *Scott, supra,* 167 Cal. 372, 375; *Riverside Portland Cement Co.* v. *Taft* (1923) 192 Cal. 643, 648 [221 P. 357].) Here, Taylor's action is not for "recovery" or "conversion," but for negligence and breach of contract. Accordingly, we are inclined to believe that the provisions of section 341a do not apply to Taylor's cause of action.

## II

Our tentative conclusion is supported by our consideration of section 341a's purpose in the context of the statutory framework as a whole. Even though we are not required to determine the applicability of Civil Code section 1859[4] limiting the liability of an innkeeper to a maximum of $1,000 to this case, that provision is important in our inquiry as to what interest the Legislature would be serving by enacting section 341a.

Before Civil Code section 1859 was amended to substantially its present form, the innkeeper, like a common carrier, was liable as an insurer for the loss of or injury to the goods of his guests. (*Mateer* v. *Brown* (1850) 1 Cal. 221, 227.) He was liable for all injury or loss irrespective of negligence on his part, unless the cause was an act of God, public enemy, or negligence of the guest. (*Pinkerton* v. *Woodward* (1867) 33 Cal. 557, 600.) ▪ Civil Code section 1859 as amended, however, changed an innkeeper's liability to that of a depositary for hire, placing limits on the innkeeper's liability in the absence of a special contract. (*Federal Ins. Co.* v. *Beverly Hills Hotel Corp.* (1962) 202 Cal.App.2d 120, 123 [20 Cal.Rptr. 502].) That limitation on liability applies to losses resulting from theft by employees and to losses from negligence. (*Gardner* v. *Jonathan Club* (1950) 35 Cal.2d 343, 349 [217 P.2d 961].)[5]

---

[4]Under Civil Code section 1859, an innkeeper's liability is limited to $500 for each trunk and $250 for each piece of luggage, with total liability not to exceed $1,000.

[5]Civil Code section 1860, as well, relieves an innkeeper of the burden of common law liability as insurer for the loss of a guest's personal property, and protects him from an undisclosed liability for such property. (*Ricketts* v. *Morehead Co., Inc.* (1954) 122 Cal.App.2d 948, 953 [265 P.2d 963].) That section, however, does not apply to the facts of this case. Civil Code section 1860 frees the innkeeper of all liability for the loss of *small articles of unusual value* such as money, jewelry, documents, and fur garments if he keeps a fireproof safe and gives notice thereof and if the guest does not then deposit such articles in the safe. (*Federal Ins. Co.* v. *Beverly Hills Hotel Corp., supra,* 202 Cal.App.2d at p. 125; see also Civ. Code § 1860.) If the innkeeper fails to do either or both of these acts and is negligent, Civil Code section 1859 governs his liability with respect to such articles. (*Ibid.*)

FHI urges us to consider *Nagashima* v. *Hyatt Wilshire Corp.* (1991) 228 Cal.App.3d 1006 [279 Cal.Rptr. 265]. In that case, the plaintiff guest sued for the loss of a small bag containing $72,000 worth of jewelry. The court held that Civil Code section 1860's $500 limitation on liability applied to the plaintiff's situation "where the valuables were deposited in the safe,

At the time Civil Code section 1859 was first amended in 1895, it provided that "in no case" shall liability of an innkeeper for personal property exceed a specified amount. In 1921, section 341a was enacted, but it did not contain such sweeping language. In 1943, both statutes were amended. The Legislature broadened the coverage of section 341a to hospitals, rest homes, and sanitariums, but did not broaden the statute any further.

 If the Legislature intended for all actions against a hotelkeeper to be subject to the 90-day statute of limitations, it would have so stated. A statute which enumerates things upon which it operates is to be construed as excluding from its effect all those things not expressly mentioned. (See e.g., *Crippen* v. *Superior Court* (1984) 159 Cal.App.3d 254, 260 [205 Cal.Rptr. 477].) As the statute was silent as to its coverage of causes of action for negligence and breach of contract, section 341a must be narrowly construed. Moreover, statutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid a forfeiture of a plaintiff's rights. (See *Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 56 [210 Cal.Rptr. 781, 694 P.2d 1153].)

 Section 341a is thus merely one part of the Legislature's statutory scheme to limit the liability of hotels for claims arising from problems associated with misplaced, damaged or lost luggage. Section 1859 limits the financial exposure in actions based on negligence or breach of contract. Section 341a limits the time within which actions seeking the recovery of luggage may be filed. The short statute of limitations requires aggrieved guests to promptly place the hotel on notice permitting the hotel to promptly investigate the circumstances of the alleged loss. The product of the combined effect of section 341a's brief limitations period for the recovery of personal property and Civil Code section 1859's dollar limitation is the certainty essential for effective hotel management. Governed by definite time periods hotels can develop operating procedures pertaining to the disposal of luggage or other items of personal property consistent with their guests' statutory rights and the hotel's financial best interests. In practical terms this probably means that most hotels store lost or forgotten luggage for only ninety days. In any event whether the Legislature has correctly drawn the line between the interests of hotels and consumers is an issue not before us.

### III

Here because Taylor's action is not for the "recovery" or "conversion" of personal property, section 341a does not apply to her. Her action, governed

---

subsequently withdrawn by the guest, and [stolen] from her as she checked out of the hotel." (At p. 1011.) Because *Nagashima* discusses the coverage of Civil Code section 1860, it has no applicability to this case.

by section 338, subdivision (c), the three-year limitations period for "negligence resulting in damage to property" and the two-year period of section 339, subdivision 1 applying to an action upon an agreement not founded upon an instrument in writing, was timely filed.

## DISPOSITION

Judgment of dismissal reversed. The case is remanded to the trial court with instructions to overrule defendant's demurrer. Appellant to recover costs for this appeal.

Huffman, J., and Rodriguez, J.,* concurred.

A petition for a rehearing was denied November 20, 1991, and respondent's petition for review by the Supreme Court was denied Janaury 29, 1992.

---

*Judge of the Municipal Court for the San Diego Judicial District sitting under assignment by the Chairperson of the Judicial Council.