**Stephen DUVALL and Betty Duvall, Plaintiffs–Appellants,**

v.

**THE RITZ CARLTON HOTEL COMPANY, Defendant–Appellee.**

No. 91–2350.

United States Court of Appeals, Fifth Circuit.

Nov. 7, 1991.

Woodrow Epperson, Houston, Tex., for plaintiffs-appellants.

Sandra N. Eidson, Hennessy & Zito, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, WILLIAMS and BARKSDALE, Circuit Judges.

PER CURIAM:

Stephen and Betty Duvall appeal the district court's grant of summary judgment in favor of The Ritz Carlton Hotel Company (Company). They contend that genuine issues of material fact remain on their claims of negligence occurring both before and after the loss of Betty's jewelry at the Company's hotel and on their claim for emotional distress caused, after the loss occurred, when hotel personnel told her she would be compensated if she would not report the theft to law enforcement authorities. We affirm.

The Duvalls were registered guests at the Company's Laguna Niguel, California

hotel. As they prepared to check out of their hotel room, Betty removed her jewelry from the room safe. Shortly thereafter, she admitted to the room someone representing himself to be from the hotel's room service department. That person wheeled the room service cart away. As Betty was getting dressed, she realized that the jewelry was missing. The Duvalls reported the loss to the hotel. The jewelry was never recovered.

The Duvalls sued under the Texas Deceptive Trade Practices Act and under California law for negligence, intentional infliction of emotional distress, and loss of consortium. The Duvalls alleged that the Company was negligent in failing to provide adequate security for its guests, in failing to investigate the theft and recover the jewelry, in hiring and retaining incompetent and unfit employees, and in failing and refusing to report the theft to law enforcement authorities. The Duvalls also asserted that the Company misrepresented to them that it would promptly recover the jewelry or that the Company or its insurance carrier would fully compensate the Duvalls for the loss of their jewelry if they would refrain from reporting the theft to local law enforcement authorities. The Duvalls assert that the Company made these promises in order to avoid a scandal and to prevent harm to the hotel's reputation.

The district judge ostensibly referred the case to the magistrate judge pursuant to 28 U.S.C. § 636(c). However, no consent appears in the record and the magistrate and court proceeded thereafter in accordance with § 636(b).

Applying California law, the magistrate judge recommended dismissal of all claims. The district court adopted the report and recommendations of the magistrate judge and granted the Company's motion for summary judgment on the Duvalls' claims under the Texas Deceptive Trade Practices Act (DTPA) and under California law for negligence, intentional infliction of emotional distress and loss of consortium. No issue is raised on this appeal as to the dismissal of the DTPA claim.

■ Summary judgment is proper when the summary judgment evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). On appeal, the standard of review is the same as that applied by the district court. We view the evidence in the light most favorable to the nonmoving party, in this instance, the Duvalls. *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir.1989).

■ The parties agree that California law controls the disposition of this case. California Civil Code §§ 1859 [1] and 1860 [2] share the common goal of limiting an innkeeper's liability and are to be read together. Jointly, they modify an innkeeper's burden of common law liability as an insurer. A guest wishing protection in excess of the statutory limit must declare the value of his property and give the innkeeper the opportunity to confirm the value and to choose whether to assume liability in excess of the statute limit. *Gardner v. Jonathan Club*, 35 Cal.2d 343, 217 P.2d 961 (Cal.1950) (en banc).

1. The liability of an innkeeper, hotelkeeper, ... or lodginghouse keeper, for losses of or injuries to personal property, is that of a depository for hire; provided, however, that in no case shall such liability exceed the sum of one thousand dollars ($1,000) in the aggregate. In no case shall liability exceed, for each item of described property, ... unless he shall have consented in writing with the owner thereof to assume a greater liability. CAL.CIV.CODE ANN. § 1859 (1985).

2. If an innkeeper, hotelkeeper, ... or lodginghouse keeper, keeps a fireproof safe and gives notice to a guest, patient, boarder or lodger, either personally or by putting up a printed notice in a prominent place in the office or the room occupied by the guest, patient, boarder, or lodger, that he keeps such a safe and will not be liable for money, jewelry, ... or other articles of unusual value and small compass, unless placed therein, he is not liable, except so far as his own acts shall contribute thereto, for any loss of or injury to such articles, if not deposited with him to be placed therein, nor in any case for more than the sum of five hundred dollars ($500) for any or all such property of any individual guest, patient, boarder, or lodger, unless he shall have given a receipt in writing therefore to such guest, patient, boarder or lodger. CAL.CIV.CODE ANN. § 1860 (1985).

These code sections limit the liability of the innkeeper to the statutory amount even if the loss results from a theft or intentional tort committed by one of its hotel employees. *Gardner v. Jonathan Club, supra; Nagashima v. Hyatt Wilshire Corp.*, 228 Cal.App.3d 1006, 279 Cal. Rptr. 265, 268 (Cal.App. 2 Dist.1991); *Ricketts v. Morehead Co.*, 122 Cal.App.2d 948, 265 P.2d 963, 965, 967 (Cal.App.1954). In *Nagashima*, the court held the Code's limitation of innkeeper liability does not depend upon the type of cause of action asserted. The statutes control "in any case," including acts or neglects of the hotel after property placed in its safe have been returned. 279 Cal.Rptr. at 268. The liability provided by the Code is exclusive. It cannot be expanded by asserting a separate cause of action against hotel personnel. *Ricketts v. Morehead Co., supra.* Nor may it be predicated on acts deliberately designed to deter guests from declaring a higher value or to avoid making a contract to assume excess liability. *Robert Altman, Inc. v. Biltmore Hotel*, 190 Cal. App.2d 274, 11 Cal.Rptr. 838, 841 (Cal.App. 2 Dist.1961)

The Company submitted an affidavit from the hotel's Director of Security which the Duvalls did not oppose. It stated that the hotel posted notice in the Duvall's room that the Company's liability was limited to paying no more than $500 for the loss of any property, including jewelry, unless consent was given in writing to assume a greater liability. The affidavit further stated that at no time was such consent given.

The Duvalls assert that they established a claim for negligence not covered by the Code's innkeeper's limitation through Betty Duvall's affidavit. This affidavit stated on personal knowledge that the Company did not report the theft to law enforcement authorities, employed managers who failed and refused to investigate the theft, and hired busboys who removed her jewelry along with the room service table. She averred that these acts and omissions caused her to suffer mental anguish, shock and humiliation. California's exclusion of liability for intentional torts or negligence makes this theory of recovery unavailing.

Under the uncontroverted summary judgment evidence, the California Civil Code covers all property loss and limits the Company's liability to $500. Greater liability must arise from a written agreement. The statutory duty to give notice of additional value and obtain written consent to its assurance is upon the guest. *Gardner v. Jonathan Club, supra.* None of the acts of negligence which the Duvalls assert can enlarge the statutory limits of the Company's liability for the value of the jewelry.

The Code also controls the Company's alleged post-theft oral promise to the Duvalls that, if they would not report the theft to the law enforcement authorities the Company or its insurer would reimburse the Duvalls for their loss. Assuming the theft occurred, the Company's total liability for the lost property was limited to the $500 statutory amount because it never agreed in writing to assume any greater amount. If a party could create an exception to this statutory scheme by asserting a post-event oral commitment to bind the innkeeper to liability of an unknown and undisclosed amount for property lost on its premises, the statutes would be nullified. Such collateral claims are not permissible.

California law requires that we interpret its innkeeper's liability code to mean that, absent a written assumption, neither pre-loss acts which caused or permitted the loss, post-loss conduct which contributed to non-recovery nor post-loss oral commitments to recover property or pay its undisclosed, unagreed to value can negate the statutory limit of an innkeeper's liability. Summary judgment was properly entered.

The judgment of the district court is AFFIRMED.