In re: Ronda S. PEKLAR, Debtor.

Ronda S. Peklar, Appellant,

v.

Lloyd Ikerd, an individual, Appellee.

No. 00–55464.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001

Filed Aug. 9, 2001

Allan Dean Epstein, Epstein Ascher, P.C., Orange, California, for the appellant.

Stephen R. Kilstofte, Cayer, Kilstofte & Craton, Long Beach, California, for the appellee.

Before: HUG, GRABER, and W. FLETCHER, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

This case turns on the preclusive effect of a prior state court judgment of conversion. Under 11 U.S.C. § 523(a)(6), a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable in bankruptcy. The specific question in this case is whether a civil judgment in California court for conversion under California law necessarily includes a finding that the defendant caused "willful and malicious injury" within the meaning of § 523(a)(6).

Plaintiff–Appellee Lloyd Ikerd ("Ikerd") filed an adversary proceeding in bankruptcy court seeking to have Defendant–Appellant Ronda Peklar's ("Peklar") debt arising out of a state court civil judgment for conversion declared non-dischargeable under § 523(a)(6). The bankruptcy court held the debt dischargeable, and the district court reversed based on collateral estoppel. We now reverse the district court.

I

In 1993, Peklar entered into a lease to rent commercial space in Long Beach, California, from Ikerd. The premises were to be used for a retail beauty and cosmetics salon called "Rachael," in which Peklar and Todd Winnick ("Winnick") were general partners. Peklar was a down-line

member of Ikerd's multi-level sales organization for a line of cosmetics, and she planned to sell Ikerd's cosmetics line at Rachael. Ikerd had stored furniture in the leased premises, and he allowed Peklar and Winnick to use that furniture in Rachael. In January 1994, shortly after the lease was signed, Rachael opened for business.

Sometime in early 1994, the Bank of America foreclosed on the building in which Rachael's leased space was located because Ikerd was in default on a trust deed. The bank obtained a temporary restraining order against Ikerd, prohibiting him from entering the building. In July 1994, the bank served Peklar with a three-day notice to pay rent or quit, and a thirty-day notice to quit. On advice of counsel, Peklar and Winnick removed all the furniture from Rachael and put it into storage, first in a garage and then in a commercial storage space.

Ikerd successfully sued Peklar and Winnick for conversion of the furniture in Los Angeles County Superior Court. After Peklar filed a Chapter 7 bankruptcy petition, Ikerd initiated an adversary proceeding in the bankruptcy court, seeking to have Peklar's debt for conversion held non-dischargeable under 11 U.S.C. § 523(a)(6) based on collateral estoppel resulting from the Superior Court judgment. The bankruptcy court rejected the collateral estoppel argument and, after taking evidence, concluded that Peklar's debt arising out of the conversion judgment was dischargeable. On appeal, the district court reversed and remanded based on collateral estoppel, holding that Peklar's debt was not dischargeable. Peklar now appeals the decision of the district court.

## II

■ " 'Because this court is in as good a position as the district court to review the findings of the bankruptcy court, it independently reviews the bankruptcy court's decision.' " *United Student Aid Funds v. Pena (In re Pena )*, 155 F.3d 1108, 1110 (9th Cir.1998) (quoting *Ragsdale v. Haller,* 780 F.2d 794, 795 (9th Cir.1986)). Whether a claim is dischargeable presents mixed issues of law and fact, which we review *de novo. Murray v. Bammer (In re Bammer )*, 131 F.3d 788, 791–92 (9th Cir.1997) (en banc). We review pure issues of fact for clear error. *Diamond v. City of Taft*, 215 F.3d 1052, 1055 (9th Cir.2000), *cert. denied,* 531 U.S. 1072, 121 S.Ct. 763, 148 L.Ed.2d 665 (2001).

## III

■■ Conversion is defined under California state law as "the wrongful exercise of dominion over the personal property of another." *Taylor v. Forte Hotels Int'l,* 235 Cal.App.3d 1119, 1124, 1 Cal.Rptr.2d 189 (1991). "The act must be knowingly or intentionally done, but a wrongful intent is not necessary." *Id.* (citing *Poggi v. Scott,* 167 Cal. 372, 375, 139 P. 815 (1914); 5 Witkin Summary of Cal. Law (9th ed. 1988) Torts § 624, pp. 717–18). Under California law, "a conversion is not per se always a willful and malicious injury to the property of another." *Larsen v. Beekmann,* 276 Cal.App.2d 185, 189, 80 Cal. Rptr. 654 (1969).

■ In holding Peklar's debt non-dischargeable based on collateral estoppel, the district court relied on our decision in *Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini)*, 780 F.2d 1440, 1443 (9th Cir.1986), in which we stated, "When a wrongful act such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure." *See also Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554 (9th Cir.1991) (quoting and construing

*Cecchini*). However, we believe that the reach of *Cecchini* was necessarily limited by the Supreme Court's decision in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). The question in *Geiger* was whether a debt from a medical malpractice judgment attributable to negligent or reckless conduct was dischargeable under § 523(a)(6). The Court stated that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id.* at 61, 118 S.Ct. 974. "[N]ot every tort judgment for conversion is exempt from discharge. Negligent or reckless acts . . . do not suffice to establish that a resulting injury is 'willful and malicious.' . . . [D]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64, 118 S.Ct. 974 (internal citation omitted). *See Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1207 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001) (relying on *Geiger,* stating that "it must be shown not only that the debtor *acted* willfully, but also that the debtor inflicted the *injury* willfully and maliciously rather than recklessly or negligently" (emphasis in original); *see also Spokane Ry. Credit Union v. Endicott (In re Endicott),* 254 B.R. 471, 475 (Bankr.D.Idaho 2000) (construing *Geiger* to hold that in order to except a debt from discharge under § 523(a)(6), "a debtor [must have] commit[ted] more than a reckless or negligent act"); *Branch Banking and Trust Co. v. Powers (In re Powers),* 227 B.R. 73, 75 (Bankr.E.D.Va.1998) (holding that after *Geiger,* the exception to dischargeability under § 523(a)(6) is "limited to intentional torts"); *Avco Fin. Servs. v. Kidd (In re Kidd),* 219 B.R. 278, 283–84 (Bankr. D.Mont.1998) ("In [*Geiger*], the Supreme Court held that the § 523(a)(6) 'willful and malicious injury' exception to discharge is limited to intentional torts and does not encompass mere negligent or reckless acts.").

■ Our holding in *Del Bino v. Bailey (In re Bailey* ), 197 F.3d 997 (9th Cir.1999), is not to the contrary. In that case, defendant Bailey had been substituted for the plaintiff as counsel in a lawsuit. Bailey settled the suit but failed to inform the plaintiff of the settlement and to give him part of the settlement amount. Bailey was accused of conversion and settled with the plaintiff, agreeing to a payment schedule. After making some but not all of the payments, Bailey filed for bankruptcy. *Id.* at 999. In concluding that Bailey's debt to the plaintiff was dischargeable, we stated that his "conduct did not constitute conversion and, therefore, that [the plaintiff's] claim for attorney fees did not fall within the meaning of 11 U.S.C. § 523(a)(6)." *Id.* at 1002. That statement means only that a failure to prove conversion is fatal to an argument that defendant's conduct caused "willful and malicious injury." It does not mean the converse-that proof of conversion necessarily establishes such injury.

■ After rejecting Ikerd's collateral estoppel argument, the bankruptcy court took evidence. Peklar stated in her declaration in that court that she relied on the advice of her lawyer in removing Ikerd's furniture from the leased premises:

> [A]fter reviewing the lease, the default by Ikerd to [Bank of America] and [Bank of America's] subsequent foreclosure, the notices of fire code violations served on Ikerd, and a temporary restraining order obtained by [Bank of America] against Ikerd prohibiting him from entering the premises, [her lawyer] advised Peklar and Winnick that he believed Ikerd had breached the lease and that they had legal right to remove all of the fixtures and personal property from the premises, even those items [that] Ikerd claimed an ownership interest in.

She further stated that Winnick contacted Ikerd to inform him of Peklar's and Win-

nick's intent to move his furniture, and of the name and telephone number of their lawyer. There is no dispute that, after moving the furniture, Peklar and Winnick kept it in a commercial storage space for almost four years. The bankruptcy court was justified in concluding, based on this evidence, that Peklar's conversion of Ikerd's property was at worst negligent, and at best "innocent or technical," conversion, and that the debt arising from the state court judgment was dischargeable under § 523(a)(6). *See Eck v. Schuck (In re Schuck )*, 13 B.R. 461, 465 (Bankr.M.D.Pa. 1980).

## IV

A state court judgment is given the same preclusive effect by a federal court as it would be given by a court of the state in which the judgment was rendered. *See* 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). Under California preclusion law, collateral estoppel effect is given to a judgment that "actually and necessarily" decides the issue in question. *People v. Howie,* 41 Cal. App.4th 729, 736, 48 Cal.Rptr.2d 505 (1995). A judgment for conversion under California substantive law decides only that the defendant has engaged in the "wrongful exercise of dominion" over the personal property of the plaintiff. It does not necessarily decide that the defendant has caused "willful and malicious injury" within the meaning of § 523(a)(6). A judgment for conversion under California law therefore does not, without more, establish that a debt arising out of that judgment is non-dischargeable under § 523(a)(6). Peklar presented evidence in the bankruptcy court from which that court appropriately concluded that she did not cause "willful

and malicious injury." We therefore affirm the bankruptcy court's holding that Peklar's debt based on the judgment of conversion was dischargeable.

The judgment of the district court is **REVERSED.**