In re Javier ALVERDE, Debtor.

Javier Alverde, Appellant,

v.

Raul Castillo and Jorge Sota Garcia, Appellees.

No. 00–57009.

BAP No. SC–99–1613–RyBR.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2002 *.

Decided May 29, 2002.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,** District Judge.

MEMORANDUM ***

Javier Alverde appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's determination that (1) the statute of limitations did not bar Appellees from bringing their claims; and (2) $1,900,000 owed by Debtor to Appellees was nondischargeable under 11 U.S.C. § 523(a)(2)(A). We affirm.

■ The BAP properly affirmed the bankruptcy court's determination that the statute of limitations did not bar Appellees' claims because the statute of limitations on fraud does not begin to run until discovery of the elements of the fraud. California Code of Civil Procedure § 338(d)[1] provides that fraud actions must be brought within three years and that "[t]he cause of action in that case is not to be deemed to

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App.P. 34(a)(2).

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Appellees originally filed their claims against Debtor in state court. Thereafter, Debtor petitioned for relief under chapter 7 of the Bankruptcy Code. As a result, the bankruptcy court reviewed Appellees' complaint for determination of dischargeability using the California statute of limitations for fraud.

have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal.Civ.Proc.Code § 338(d) (West 2002). In this case, the issue of when Appellees discovered Debtor's fraudulent acts is largely factual and reviewed for clear error. We find no clear error in the bankruptcy court's determination that the statute of limitations had not run at the time Appellees brought their claims.

Whether a claim is dischargeable presents mixed issues of law and fact, which we review de novo. *Peklar v. Ikerd (In re Peklar)*, 260 F.3d 1035, 1037 (9th Cir.2001). We review for clear error the bankruptcy court's factual findings made in the context of the dischargeability analysis, including the court's findings with respect to intent to defraud, reliance, and proximate cause. *Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996).

■ Section 523(a)(2)(A) of the bankruptcy code provides that a debtor is not entitled to a discharge of debt to the extent that the debt was obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). We employ a five-part test for determining whether a debt is nondischargeable under § 523(a)(2)(A). *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1125 (9th Cir.1996). A creditor must demonstrate that:

1) the debtor made...representations;

2) that at the time he knew they were false;

3) that he made them with the intention and purpose of deceiving the creditor;

4) that the creditor relied on such representations; [and]

5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Britton v. Price (In re Britton)*, 950 F.2d 602, 604 (9th Cir.1991).

The bankruptcy court and the BAP's finding that each element of the nondischargeability analysis was satisfied in this case is not clearly erroneous. Therefore the bankruptcy court and the BAP did not err in concluding that the $1,900,000 owed by Debtor to Appellees is nondischargeable.

AFFIRMED.