Filed 3/26/21  Raimova v. West Coast Towing Services CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUHANGIZ RAIMOVA et al., | |
| Plaintiffs and Appellants, | G058280, G058431 |
| v. | (Super. Ct. No. 30-2015-00797946) |
| WEST COAST TOWING SERVICES INC., et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge.  Affirmed.

Ruhangiz Raimova and Esmail Ghane in pro per., for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

\*          \*          \*

Plaintiffs Ruhangiz Raimova and Esmail Ghane's vehicle was stolen, recovered, and then stored on defendant West Coast Towing Services' (West Coast) facility. After the vehicle had been there 43 days, West Coast sold the vehicle. Plaintiffs brought the underlying suit for conversion, claiming West Coast and defendant Clear Choice Lien Services Inc. (Clear Choice), illegally sold the vehicle without notifying them. The court granted summary judgment in favor of defendants, and plaintiffs appealed.

Plaintiffs contend the court erred by granting summary judgment because they never received notice that their vehicle had been recovered. The court found defendants had complied with Civil Code section 3072 in sending out the required notices and ultimately selling the vehicle. We agree. While plaintiffs' evidence was sufficient to establish they never received notice, it was not sufficient to show defendants never sent notice to the addresses on file with the California Department of Motor Vehicles (DMV). Defendants' evidence demonstrated that they mailed the appropriate notices. Thus, they never wrongfully exercised dominion over the vehicle, and defendants were thereby entitled to judgment on the conversion claim.

Plaintiffs also complain about a condition the court imposed when it granted their motion for leave to amend the complaint. Throughout the litigation, the court and opposing counsel were under the impression that Ruhangiz Raimova was the husband. The husband showed up at all the hearings and represented himself as Raimova. On the day of the originally scheduled trial, it came out that, in fact, Raimova is the *wife*, who, acting in propria persona, had not appeared at many hearings. The husband's name is Esmail Ghane. Afterward, Raimova filed a motion to amend the complaint to add Ghane as a plaintiff. The court granted the motion on condition that Raimova pay approximately $6,500 to compensate defendant Clear Choice for certain hearings it attended that, in retrospect, were pointless because the actual plaintiff was not there.

On appeal, plaintiffs contend this was an abuse of discretion because the owner of West Coast knew that Raimova was the wife. The court did not abuse its discretion. Ghane lied to the court for two years about his identity. There was no evidence that the owner of West Coast appeared at the hearings where Ghane misrepresented his identity, and thus no evidence that the owner's knowledge was shared with counsel and the court. Accordingly, we affirm.

FACTS[1]

Plaintiffs' complaint asserted three causes of action: conversion, equitable possession, and for a temporary restraining order and preliminary injunction. Defendants moved for summary judgment and offered evidence of the following material facts which were not disputed by plaintiffs.

West Coast entered into a contract for towing services with the County of Orange. West Coast was to provide prompt towing service for vehicles that were taken into custody by the county, such as vehicles involved in collisions or disabled by any

---

[1] Plaintiffs' request that we take judicial notice of "the entire court records, especially numerous Decls. By Aplts, & Aplts Counsels, . . . which was the subject of the appeal in this case under case no 30-2015-00797946, and this court's opinions of all prior appeals filed in that case" is DENIED. Under California Rules of Court, rule 8.252(a)(2)(A), a request to take judicial notice must state "[w]hy the matter to be noticed is relevant to the appeal." Plaintiffs failed to explain why the "entire court records" on an earlier appeal is relevant to the issue presented, i.e., whether the court erred in granting a defendants' motion for summary judgment. In their request, plaintiffs argue that "[t]he statements and Declarations by appellants, trial counsels, and the court concerned the relevance of the proposed investigation, appeal, review, what trial Aplts and Aplts' counsel did present in the trial court in the past about 5 years, especially numerous Declarations by Aplts and Aplts' Counsel . . . and what impact there might have been on credibility issues in the trial courts. The[re] never has been trial in this which is the subject of this appeal." Plaintiff's explanation is insufficient. We are not required to sift through five years of litigation and determine for ourselves what might be relevant to our review of defendants' motion for summary judgment.

other cause, vehicles abandoned in public places or on private property, vehicles impounded for evidence, or vehicles which, for any other reason, were within the jurisdiction of the Orange County Sheriff's Department (OCSD). On May 10, 2015, the OCSD contacted West Coast to tow a recovered vehicle, a 1998 Toyota Camry (the Subject Vehicle), to West Coast's impound and storage facility. The OCSD directed West Coast to place the Subject Vehicle in a secured "evidence hold" until the Subject Vehicle could be examined.

Upon the towing and storing of a vehicle in an evidence hold, the OCSD contacts the registered owner of the vehicle to advise the owner that the vehicle has been located and taken to a secure facility for testing. The OCSD advises the owner that once the vehicle has been released from the evidence hold, the owner can retake possession. If the registered owner does not pick up the vehicle from the evidence hold location, the vehicle is relocated to the general impound yard and, once in that yard, West Coast can start charging impound fees. West Coast establishes lien rights once it has general (nonevidentiary) holds on vehicles it tows. If the owner of the vehicle fails to pick up the vehicle and pay for the tow and impound fees, West Coast has the right to foreclose on its lien and sell the vehicle. If the value of the vehicle is determined to be $4,000 or less, the hold period is 30 days. (Civ. Code, § 3072, subd. (c)(2).)

The OCSD conducted its evidentiary inspection of the Subject Vehicle and, when no response was received from plaintiffs Ruhangiz Raimova or Esmail Ghane, the OCSD told West Coast that it could move the Subject Vehicle to the unsecured impound yard. West Coast established its lien rights on the Subject Vehicle after the OCSD directed West Coast to remove the Subject Vehicle from the evidentiary hold to the unsecured impound yard.

On May 18, 2015, West Coast contacted Clear Choice via electronic transmission requesting it to act as a lien sale agent for the Subject Vehicle. West Coast provided Clear Choice with the necessary information to secure the lien and to

4

commence the 30-day hold because the Subject Vehicle was valued at $4,000 or less.[2] West Coast requested the lien be processed as a vehicle valued at $4,000 or less because the OCSD had valued the Subject Vehicle between $0 and $500.

On May 19, 2015 Clear Choice received from the DMV the names and addresses of all registered owners and legal owners and other "interested parties" in the form of a "DMV Vehicle Registration Information" for the Subject Vehicle. Clear Choice prepared the required DMV form for giving "Notice of Pending Lien Sale for Vehicle Valued [at] $4,000 or Less," which contained all information required under Civil Code section 3072, including the name and address of plaintiff Ruhangiz Raimova, other interested parties, and the DMV "Lien Sale Unit," the date, time, and location at which the vehicle would be publicly auctioned if not redeemed by the registered and/or legal owner.

On May 20, 2015, Clear Choice mailed to plaintiff Ruhangiz Raimova the "Notice of Pending Lien Sale for Vehicle Valued $4,000 or Less," a blank "Declaration of Opposition form," and a return envelope preaddressed to the DMV. West Coast received from Clear Choice a copy of the "Notice of Pending Lien Sale," along with the incomplete documents needed to complete a lien sale that indicated the date of mailing of the notice was May 20, 2015, and that the date of sale for the Subject Vehicle was June 22, 2015. On June 11, 2015, West Coast posted the "Notice of Pending Lien Sale for Vehicle Valued $4000 or Less" for the Subject Vehicle in a conspicuous place on West Coast's business premises, where the pending lien sale and public auction was to be conducted.

---

[2] West Coast utilized a California Highway Patrol form denominated "CHP 180" to provide this information to Clear Choice. Although not explained in the briefing, a CHP 180 form "'is a standardized form all law enforcement in California use for either a stolen vehicle or if [law enforcement needs] to tow a vehicle or . . . recover a vehicle . . . .'" (*People v. Joseph* (2019) 33 Cal.App.5th 943, 949.)

5

On June 22, 2015, West Coast conducted a public auction for the sale of the Subject Vehicle. The Subject Vehicle was sold at auction for $750 to a third party, leaving an outstanding balance for storage and towing charges. The third party buyer was provided with a "Certification of Lien Sale" as required by law.

West Coast first heard from plaintiffs on June 24, 2015, when they showed up at the West Coast premises wanting to collect the Subject Vehicle.

In opposition to defendants' summary judgment motion, plaintiffs offered the following facts: No one informed either plaintiff before June 24, 2015 that the Subject Vehicle was being held by defendants. The Subject Vehicle—a 1998 Toyota Camry—was, in their opinion, worth $7,000.

In a detailed ruling, the court granted the motions for summary judgment. The court found that Clear Choice never came into possession of the Subject Vehicle and thus could not have exercised wrongful dominion over it, which defeated the conversion claim. As to both defendants, the court found they complied with all notice requirements under the Civil Code and thus never wrongfully exercised dominion over the Subject Vehicle. Regarding the remaining causes of action, the court found that equitable possession is not a cause of action, nor is a request for an injunction. The court entered judgment for defendants, and plaintiffs appealed.

DISCUSSION

Plaintiffs argue the court erred because there are disputed issues of material fact that require a trial. They offered their declarations stating they never received timely notice that West Coast was in possession of their vehicle. We conclude plaintiffs' evidence did not raise a material issue of fact to support a conversion claim and thereby affirm the judgment. In a separate challenge, plaintiffs contend the court abused its discretion in conditioning permission to file an amended complaint on plaintiffs paying

6

approximately $6,500 to defendants. On this challenge, we conclude the court did not abuse its discretion.

*Summary Judgment*

An appellate court reviews a grant of summary judgment *de novo*. (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334.)

Defendants submitted a statement of undisputed material facts pursuant to Code of Civil Procedure section 437c, subdivision (b)(1). In response, plaintiffs submitted a purported separate statement but did not dispute the evidence cited in defendants' separate statement. Instead, plaintiffs offered a generic response to each fact set forth in defendants' separate statement which, in various forms, was based on a short, half-page declaration asserting plaintiffs never received notice of the sale and did not know until June 24, 2015 that OCSD had recovered the Subject Vehicle. Plaintiffs also asserted that the Subject Vehicle was worth $7,000, thereby requiring a longer hold period before sale. Plaintiffs' failure to dispute the evidence offered by defendant "may constitute a sufficient ground, in the court's discretion, for granting the motion." (Code Civ. Proc., § 473c, subd. (b)(3).) The court instead exercised its discretion to consider the evidence plaintiffs did submit, which was the short, half-page declaration. The state of the evidence at that point was essentially that defendants complied with all their legal obligations to give notice, but plaintiffs never actually received notice. That is not enough to establish a conversion claim.

"'"'Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.'"'" (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240.) "The *act* must be knowingly or intentionally done, but a *wrongful intent* is not necessary." (*Taylor v. Forte Hotels International* (1991) 235 Cal.App.3d 1119,

1124.)  The question, here, therefore, is simply whether defendants complied with the statutory guidelines authorizing the sale of the Subject Vehicle, for if they did, the sale was not wrongful, and the tort of conversion was not established.

Civil Code section 3068.1, provides, "Every person has a lien dependent upon possession for the compensation to which the person is legally entitled for towing, storage, or labor associated with recovery . . . of any vehicle subject to registration that has been authorized to be removed by a public agency . . . ."  (*Id.*, subd. (a)(1).)  "If the vehicle has been determined to have a value not exceeding four thousand dollars ($4,000), the lien shall be satisfied pursuant to [Civil Code] Section 3072."  (*Id.*, subd. (b).)

Civil Code section 3072, in turn, describes the procedure for a lien sale of a vehicle valued at $4,000 or less.  First, the lienholder must apply to the DMV for a list of addresses for all "registered and legal owners of record."  (*Id.*, subd. (a).)  "The lienholder shall, immediately upon receipt of the names and addresses, send, by certified mail with return receipt requested or by United States Postal Service Certificate of Mailing, a completed Notice of Pending Lien Sale form, a blank Declaration of Opposition form, and a return envelope preaddressed to the department, to the registered owner and legal owner at their addresses of record with the department, and to any other person known to have an interest in the vehicle."  (*Id.*, subd. (b).)  The statute then specifies what information is required to be in the notices, including the date of the sale, "which shall be set not less than 31 days, but not more than 41 days, from the date of mailing."  (*Id.*, subd. (c)(2).)

Here, the evidence showed defendants complied with these procedures. The OCSD prepared the vehicle report listing West Coast as the storage facility and valuing the Subject Vehicle between $0 and $500.  (See Veh. Code, § 22670, subd. (a) ["For lien sale purposes, the public agency causing the removal of the vehicle shall determine if the estimated value of the vehicle that has been ordered removed, towed, or

8

stored is five hundred dollars ($500) or less, over five hundred dollars ($500) but four thousand dollars ($4,000) or less, or over four thousand dollars ($4,000)].)[3] West Coast contacted Clear Choice and provided it with the CHP 180 form prepared by the OCSD. Based on the information on that form, Clear Choice requested the registration information from the DMV. The DMV provided information that the registered owner was a third party, but that the vehicle had been purchased by "Raimova Ruhangiz." The only address information the DMV provided was a residential address in the City of Laguna Beach. Notably, the address on file with the DMV did not include a zip code. Clear Choice prepared a "Notice of Pending Lien Sale for Vehicle Valued $4000 or Less." Clear Choice mailed it to the name and address from the DMV file. Clear Choice demonstrated its mailing by producing a certificate of mailing stamped by a United States Post Office. Afterward, West Coast posted a timely notice of the lien sale on its property. It then conducted the auction in accordance with the notices.

The fact that plaintiffs never saw the notice sent to them does not render defendants liable for conversion. Defendants complied with the procedure set forth in Civil Code section 3072. That statute also contains a procedure to dispute a lien sale. (*Id*., subd. (c)(4)(C).) Plaintiffs never availed themselves of that procedure. Therefore, defendants were authorized by statute to sell the vehicle. In other words, there was no *wrongful* disposition of the Subject Vehicle, and thus no conversion.

*$6,500 Condition on Leave to Amend*

For almost two years, plaintiff Esmail Ghane misrepresented his identity to the court and to opposing counsel. For that entire time, he personally appeared at hearings and represented himself as Ruhangiz Raimova, who was the only named plaintiff during that timeframe. Ghane is not a licensed attorney and thus cannot

---

[3] If the value of the vehicle was truly $7,000, as plaintiffs contend, that error would have been caused by the OCSD, not West Coast nor Clear Choice.

9

represent another party in court. On the day of the originally scheduled trial, the court noticed a woman sitting next to "Mr. Raimova." After some prodding, it was revealed, to the astonishment of both court and counsel, that she was the true plaintiff in the action. The trial did not go forward at that time.

Afterward, the true plaintiff—Ruhangiz Raimova—filed a motion to amend the complaint to add her husband, Ghane, as plaintiff. The court granted the motion on condition that Raimova pay Clear Choice $6,519.69, which represented the attorney fees Clear Choice had incurred in sending counsel to three hearings that Raimova did not personally attend, and that, because the true plaintiff was not in attendance, were meaningless.

Code of Civil Procedure section 473 states: "The court may, in furtherance of justice, and on any terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party . . . ." (*Id*. subd. (a)(1).) "The trial court has discretion to permit or deny the amendment of the complaint, but instances justifying the court's denial of leave to amend are rare. [Citation.] Similarly, the court's discretion to impose conditions on leave to amend the complaint extends only to those conditions that are just, i.e., intended to compensate the defendants for any inconvenience belated amendment may cause." (*Armenta Ex. Rel. City of Burbank v. Mueller Co.* (2006) 142 Cal.App.4th 636, 642.)

The court did not abuse its discretion. Plaintiffs contend that when they first met with the proprietor of West Coast in July 2015, it was clear that Raimova was the wife. According to plaintiffs, that conversation took place in their shared native language, in which Ruhangiz is clearly a woman's name. However, that does not change the fact that Ghane misrepresented his identity to the court and to opposing counsel. There is nothing in the record to suggest that West Coast's proprietor attended the hearings in question so as to be able to correct the misrepresentation. Opposing counsel attested to being surprised at the revelation, and the court accepted that as true. Under the

10

circumstances, given that Raimova sent a nonparty to act in her stead, and Ghane misrepresented his own identity, it was entirely fair to have them bear the unnecessary costs caused by their scheme. There was no abuse of discretion.[4]

DISPOSITION

The judgment is affirmed. There being no appearance by defendants on appeal no costs are awardable to them. Plaintiffs shall bear their own costs on appeal.

IKOLA, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

---

[4] Scattered throughout plaintiffs' sprawling, 56-page brief are a number of other claims of error. However, all other claims are either inadequately briefed, inadequately supported by references to the record, necessarily harmless, or some combination of the three. For example, plaintiffs' claim it was error to continue the original trial date and error to relieve Raimova's original attorney on the eve of the originally scheduled trial (which was then continued). But they have not identified any prejudice from those rulings. Plaintiffs also devote a significant portion of their brief to arguing that their prior counsel rendered ineffective assistance of counsel. However, an ineffective assistance of counsel claim is not available in an ordinary civil proceeding because there is no constitutional right to counsel. (See *Chevalier v. Dubin* (1980) 104 Cal.App.3d 975, 978-979 ["It should be noted that the right to counsel constitutional provisions refer specifically to criminal prosecutions, and hence do not apply to civil proceedings"].)

11