Filed 6/6/24  Cubework.com v. Solo Trading CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CUBEWORK.COM, Inc., <br><br>     Plaintiff, Cross-defendant and Appellant, <br><br>     v. <br><br> SOLO TRADING, <br><br>     Defendant, Cross-complainant and Respondent. | B330959 <br><br> (Los Angeles County Super. Ct. No. 19STCV34873) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael Small, Judge.  Affirmed.

Park Law and Daniel M. Park for Plaintiff, Cross-defendant and Appellant.

The Brinton Firm, Matthew L. Brinton, and Nickolas B. Solish for Defendant, Cross-complainant and Respondent.

_____

Cubework.com, Inc. (Cubework) appeals from a postjudgment order awarding attorney fees to Solo Trading, Inc. (Solo). Cubework has not demonstrated error, and we affirm the order.

## BACKGROUND

### I. Cubework's Complaint and Solo's Cross-Complaint

At all times relevant to this action, Cubework "operated commercial warehouse and office space at various properties throughout the United States," as stated in its complaint. Solo's "business involved buying and selling of merchandise including clothing, toys, and other goods," as stated in its cross-complaint.

On September 30, 2019, Cubework filed this action against Solo, asserting causes of action for breach of contract and trespass to real property. The action arises from an April 29, 2019 Occupancy License Agreement between these two parties (the License Agreement), under which Cubework licensed warehouse/office space to Solo to "be used for the purpose of general warehousing and temporary storage of inventory in connection with [Solo]'s business," and Solo agreed to pay Cubework $3,511 per month in license fees.

In its first cause of action for breach of contract, Cubework alleged Solo breached the License Agreement by failing to pay monthly license fees beginning in July 2019, leaving its "personal possessions" at the licensed premises, and damaging Cubework's property. For these alleged breaches, Cubework sought damages "in an amount that represents the reasonable value of the space occupied by" Solo "and/or 200% of the license fee pursuant to the License Agreement," and compensation for damage to the property.

In its second cause of action for trespass to real property, Cubework alleged Solo continued to occupy the licensed premises and failed to remove its personal property after Cubework gave Solo "written notice of default of the License Agreement and directed [Solo] to remove its property within the time permitted." For the alleged trespass to real property, Cubework sought damages under Civil Code section 3334 (value of the use of the property, reasonable cost of repair, and costs of recovering possession), a permanent injunction under Civil Code section 3422 mandating removal of Solo's personal property, and punitive damages.

In October 2019, Solo filed an answer to the complaint and a cross-complaint asserting causes of action against Cubework for (1) negligence, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) intentional interference with contractual relations, (5) conversion, (6) trespass to chattels, (7) violation of Business and Professions Code section 17200 (the Unfair Competition Law), (8) fraud in the inducement, and (9) constructive eviction.

Solo alleged in the cross-complaint, in pertinent part, that in May 2019, it attempted to procure a business license from the City of Santa Fe Springs (the City), a condition of its occupancy of the subject premises under the License Agreement. In or around June 2019, the City inspected the subject premises and cited Cubework for code violations and unpermitted work at the property. Shortly thereafter, the City determined Cubework did not have a certificate of occupancy for the subject premises. The City ordered the cessation of all operations at the property and ordered everyone to exit the building until Cubework obtained final permits. Around the end of July 2019, Cubework locked the

3

door to the warehouse/office space Solo had leased, and Solo's personal property was locked inside. Solo sought damages from Cubework for, among other things, "approximately $40,000 worth of [Solo's] merchandise" that Cubework converted; interference with Solo's relationships with vendors, who were unable to purchase Solo's merchandise after Cubework locked Solo out of the licensed property; and "the collapse of [Solo]'s entire business." Solo also sought an award of reasonable attorney fees under the License Agreement.

## II.    The Trial Court's Statement of Decision After the Bench Trial

After more than two years of litigation, the trial court (Judge Steven J. Kleifield) held a bench trial from January 31 through February 4, 2022. The record before us does not include the evidence presented at trial or the judgment entered thereafter. Neither party appealed from the judgment. The appellate record includes the August 26, 2022 statement of decision issued after trial. We summarize the pertinent findings in the statement of decision because the trial court (Judge Michael Small) referenced these findings in granting Solo's motion for attorney fees—the matter at issue in this appeal. Moreover, Cubework cites the findings in the statement of decision in challenging the attorney fees award.

As set forth in the statement of decision, the trial court found Solo breached the License Agreement in two ways: (1) it defaulted in August 2019 after not paying monthly license fees;[1]

_____

[1] As the trial court noted in the statement of decision, under the License Agreement, a default allowed Cubework "to revoke the license and 'enter upon the Licensed Premises and

4

and (2) it conducted a retail business at the subject premises, although the License Agreement only permitted general warehousing and temporary storage of inventory. The court also found, however, that Solo's obligation to pay monthly license fees was excused by Cubework's own breach of the License Agreement: the failure to provide Solo with usable premises due to code violations and lack of a certificate of occupancy. Moreover, the "fact that Solo may have conducted unpermitted activities on the premises did not relieve Cubework from its basic obligation to provide premises that could be *used*." For these reasons, the court found against Cubework on its first cause of action for breach of contract.

The trial court also found against Cubework on the only other cause of action in its complaint, trespass to real property. The court explained, "Solo did not remain in possession of the premises. Cubework locked up the premises and made it inaccessible to Solo." The court added: "This had the effect of keeping Solo out, but also the effect of keeping Solo's 'effects' in. While the parties submitted copies of emails between counsel discussing return of items in early 2020 there was no explanation as to why there wasn't a prompt offer to Mr. Pastor [Solo's owner] to pick up his merchandise and other items. There was nothing in the [L]icense [A]greement that permitted Cubework to keep Solo's property." The court also found Solo did not receive value for its June 2019 payment of license fees to Cubework ($3,511.50) because the licensed premises were not usable.

---

expel or remove Licensee and Licensee's effects without being liable for any claim for trespass or damages therefore.' "

5

Based on the foregoing findings, the trial court found in favor of Solo on its second cause of action for breach of contract, its fifth cause of action for conversion, and its sixth cause of action for trespass to chattels.  The court found against Solo on the other six causes of action asserted in the cross-complaint.[2]  The court awarded Solo $48,511.50 in damages: $45,000 for the value of the merchandise Cubework converted, plus $3,511.50 for the June 2019 license fees it paid.  Cubework obtained no relief on its complaint.

## III.    Solo's Motion for Attorney Fees

In October 2022, around three years after Cubework filed this action, Solo moved for attorney fees under an indemnification provision of the License Agreement, providing: "Licensor [Cubework] hereby agrees that Licensor shall indemnify, defend and hold Licensee [Solo] harmless from and against any and all costs, expenses and liabilities, including reasonable attorney's fees, incurred by Licensee which may arise as a result of any damages or loss incurred by Licensee caused by or resulting from Licensor's gross negligent acts or willful misconduct."[3]  (See Civ. Code, § 2772 ["Indemnity is a contract by which one engages to save another from a legal consequence of

---

[2] The trial court rejected Solo's claims that the License Agreement was in fact a lease and Cubework's characterization of it as a license agreement was a "scam."

[3] Solo also moved for attorney fees under Civil Code section 1717.  The trial court determined this statutory provision is inapplicable because the License Agreement does not provide for an award of attorney fees incurred to enforce the contract.  Neither party disputes this determination, and it is not at issue in this appeal.

the conduct of one of the parties, or of some other person"]. The License Agreement also included a provision requiring Solo to similarly indemnify Cubework.

Solo argued in the motion, " 'direct liability' clauses (such as this one) allow the contracting parties to seek attorneys' fees and costs from each other." Solo further asserted the trial court (Judge Kleifield) made factual findings in the statement of decision demonstrating Cubework committed willful misconduct: Cubework failed to provide usable premises to Solo; Cubework failed to obtain a certificate of occupancy for the premises; Cubework locked up the premises and made it inaccessible to Solo; Cubework kept Solo's property, although nothing in the License Agreement allowed it to do so; and the trial court found Cubework liable for conversion and trespass to chattels, intentional and wrongful conduct.

After Solo's counsel deleted around 90 entries from its billings that might have been duplicative, Solo sought an award of $225,894 in attorney fees for approximately 500 hours of work over three years, at a rate of $450 per hour. Solo's counsel represented Solo on a contingency fee basis.

In its opposition to Solo's motion for attorney fees, Cubework argued, in pertinent part, that Solo is not entitled to an award of attorney fees under the indemnification provision of the License Agreement because Cubework did not commit gross negligent acts or willful misconduct, as required for indemnification. Cubework challenged the trial court's findings of fact and conclusions of law set forth in the statement of decision after trial, although Cubework did not appeal from the judgment. For example, Cubework asserted the trial court erred when it concluded Cubework breached the License Agreement by

7

failing to obtain a certificate of occupancy. Cubework argued it had no such duty under the License Agreement. Cubework also stated it "acted consistently with its understanding of" the License Agreement when it deemed Solo's personal property to be abandoned (although the trial court found, "There was nothing in the [L]icense [A]greement that permitted Cubework to keep Solo's property"). Cubework further asserted, "[T]he vast majority of the rulings and factual findings in the statement of decision were in favor of Cubework" (although Cubework prevailed on none of its causes of action and Solo prevailed on several). In support of these arguments, Cubework relied on the evidence presented at trial (which is not included in the appellate record before us); it did not present additional evidence or ask the trial court to hold an evidentiary hearing on Solo's motion.

Cubework also argued in its opposition, "If the court is inclined to grant fees, it must apportion the fees" and award Solo only fees related to the intentional tort causes of action on which it prevailed (conversion and trespass to chattels), and exclude work performed on behalf of Michael Pastor (Solo's owner), who was originally named as a defendant and cross-complainant but was dismissed from the action before trial. Cubework complained that the amount of attorney hours for which Solo sought compensation (500 hours) was too high; that a "large amount of hours" were "for communications as opposed to the performance of legal work"; and that counsel's billing rates were excessive. Cubework did not suggest a revised dollar figure for Solo's claim or point to any particular billing entries that should be deleted.

On April 11, 2023, three and a half years after Cubework filed this action, the trial court (Judge Small) held a hearing on Solo's motion for attorney fees and heard oral argument from the

8

parties.[4] The record before us does not include a reporter's transcript of this hearing. The same day, the court issued an order granting the motion.

As set forth in the order, the trial court concluded Solo was entitled to an award of attorney fees under the indemnification provision of the License Agreement in accordance with Civil Code section 2772. The court agreed with Solo that Cubework's actions in connection with the conversion of Solo's personal property and the trespass to Solo's chattels constituted willful misconduct, and Solo sustained damages as result of such willful misconduct. Regarding the amount of attorney fees claimed, the court stated: "The Court is cognizant of the fact that while Solo was awarded only roughly [$]45,000 on its conversion and trespass to chattels claim[s], it is seeking over $225,000 in attorney's fees for work on all of the claims that Solo brought. The Court has concluded, however, that based on a review of the billing records of Solo's counsel, the claims for which fees are authorized and the claims for which fees are not authorized are so intertwined that it would be impractical to try to separate the hours that counsel spent on compensable claims from the hours spent on noncompensable claims. The Court also has concluded based on the review of the billing records that the amount of fees sought is reasonable. The billing rate of Solo's attorney is consistent with market rates for attorney[s] with similar skills and experience for the matters raised in this litigation, and the number of hours that the attorney spent strikes the Court as in line with the nature and history of the litigation." The court awarded Solo the amount it sought in attorney fees, $225,894.

---

[4] The trial judge (Judge Kleifield) had retired.

9

## DISCUSSION

**I.  Cubework Has Not Demonstrated the Trial Court Erred in Finding Cubework Committed Willful Misconduct, Entitling Solo to Indemnification**

Cubework does not dispute that the License Agreement requires it to indemnify Solo against reasonable attorney fees Solo incurred as a result of damages or loss to Solo caused by or resulting from Cubework's gross negligent acts or willful misconduct.  Cubework contends the trial court (Judge Small) erred in finding Cubework committed willful misconduct.  Cubework has not demonstrated such error.

At oral argument in this appeal, Cubework asserted the fact that Solo prevailed on its intentional tort causes of action for conversion and trespass to chattels does not, by itself, establish Cubework committed willful misconduct.  We agree.  A wrongful intent is not an element of either tort.  (See *Voris v. Lampert* (2019) 7 Cal.5th 1141, 1158 [conversion is a strict liability tort that "does not require bad faith, knowledge, or even negligence," but only requires that "the defendant have intentionally done the act depriving the plaintiff of his or her rightful possession"]; *Taylor v. Forte Hotels International* (1991) 235 Cal.App.3d 1119, 1124 [for conversion, the "*act* must be knowingly and intentionally done, but a *wrongful intent* is not necessary"]; see also *Berry v. Frazier* (2023) 90 Cal.App.5th 1258, 1271 [trespass to chattels, " '[t]hough not amounting to conversion,' " requires an intentional act that interferes with the possession of personal property].)  To the extent the trial court implied in the order awarding attorney fees that liability for conversion and trespass to chattels necessarily establishes willful misconduct, this was

10

incorrect.  But this was not the only basis for the court's finding of willful misconduct.

In its order granting Solo's motion for attorney fees, the trial court found that Cubework's *actions* in connection with its conversion of Solo's property and its trespass to Solo's chattels constituted willful misconduct.  Cubework attempts to challenge the finding of willful misconduct by arguing that Solo abandoned its personal property under the terms of the License Agreement, so Cubework could not have engaged in willful misconduct when it took actions with respect to Solo's property.  But the determination of whether Solo abandoned its personal property was already made—in Solo's favor and against Cubework—at the bench trial (held before Judge Kleifield).  There, the court found Cubework locked up the licensed premises, with Solo's personal property inside, and made the premises inaccessible to Solo; and there was nothing in the License Agreement allowing Cubework to take these actions.  In this appeal, Cubework argues Judge Kleifield's "ruling that there was nothing in the agreement that permitted Cubework to keep Solo's property was made in error" because Solo abandoned its personal property under the terms of the License Agreement.  Essentially, Cubework believes Judge Small should have ignored the findings of fact and conclusions of law in Judge Kleifield's statement of decision issued after trial, and evaluated the case anew in deciding Solo's motion for attorney fees.  Cubework provides no authority for this novel proposition.  The time to appeal from the judgment has long passed, and Cubework cannot now challenge the determinations made at trial and set forth in the statement of decision.  We could not review Cubework's challenge to the willful misconduct finding on the merits in any event because the evidence

11

presented at trial—the only evidence upon which Cubework relied in opposing the motion for attorney fees—is not included in the appellate record before us.

Cubework has not demonstrated the trial court erred in finding Cubework committed willful misconduct, entitling Solo to indemnification against reasonable attorney fees incurred as a result of loss caused by such willful misconduct.

## II.    The Trial Court Did Not Abuse Its Discretion in Awarding Attorney Fees to Solo

"We must affirm an award of attorneys' fees absent a showing that the trial court clearly abused its discretion. [Citation.]  An abuse of discretion is shown when the award shocks the conscience or is not supported by the evidence." (*Jones v. Union Bank of California* (2005) 127 Cal.App.4th 542, 549-550.)

Cubework argues the trial court abused its discretion in awarding attorney fees "to a party who prevailed on a minor 'battle' but who lost the 'war' " at trial.  In support of this argument, Cubework cites *Artesia Medical Development Co. v. Regency Associates, Ltd.* (1989) 214 Cal.App.3d 957, a case involving an award of attorney fees under Civil Code[5] section 1717.  Here, the trial court did not award attorney fees to Solo as a prevailing party on a contract within the meaning of section 1717, because there is no provision in the License Agreement providing for an award of attorney fees incurred to enforce the contract.  Rather, the court awarded attorney fees under section 2772 and the indemnification provision in the License Agreement.  (See § 2772 ["Indemnity is a contract by which one

---

[5] Undesignated statutory references are to the Civil Code.

engages to save another from a legal consequence of the conduct of one of the parties, or of some other person"].)

Cubework asserts, to the extent Solo is entitled to an award of attorney fees under the indemnification provision based on a finding of willful misconduct, Solo may only recover fees incurred in connection with its causes of actions for conversion and trespass to chattels—the causes of action to which the willful misconduct relates. Cubework represents that these "torts concerning personal property are only a small percentage of the case that was tried." We cannot credit this representation because we do not have before us a record of the trial proceedings or the evidence presented at trial. In granting the motion for attorney fees, the trial court concluded that the claims involving Cubework's willful misconduct "are so intertwined" with the claims that do not involve Cubework's willful misconduct "that it would be impractical to try to separate" the hours Solo's counsel spent on the various claims. Based on the statement of decision—which is all we have to go on in the absence of the evidence presented at trial—we have no cause to reject the court's conclusion.

Cubework further argues that an attorney fees award of $225,894 constitutes an abuse of discretion because it "shocks the conscience and is not supported by the evidence." We reiterate that pertinent "evidence" is not before us. The appellate record does not include the motions filed or trial testimony given in this action. Nor does it reveal the scope of the written discovery that was conducted. Thus, we are unable to meaningfully review the trial court's conclusion that 500 hours of attorney time over three years is reasonable given "the nature and history of the litigation." Moreover, although Cubework asks us to reduce the

13

attorney fees award, Cubework does not suggest a dollar figure for such a reduced award or point to any particular billing entries that it believes should be excluded.

" 'A judgment or order of the lower court is *presumed* correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Cubework has not demonstrated the trial court abused its discretion in granting Solo's motion for attorney fees.

## DISPOSITION

The order is affirmed. Respondent is entitled to recover costs on appeal.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

14